1  MARCELLUS MCRAE, SBN 140308
     mmcrae@gibsondunn.com
2  JAMES ZELENAY, SBN 237339
     jzelenay@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
5  Facsimile: 213.229.7520

6  JAMES C. HO (*pro hac vice* pending)
     jho@gibsondunn.com
7  ASHLEY E. JOHNSON (*pro hac vice* pending)
     ajohnson@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   2100 McKinney Avenue
9  Suite 1100
   Dallas, TX 75201-6912
10 Telephone: 214.698.3100
   Facsimile: 214.571.2900

11

12 Attorneys for Defendant AT&T Inc.,
   Specially Appearing

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 Herring Networks, Inc.,                    Case No. 2:16-cv-01636

17              Plaintiff,                     **AT&T INC.'S NOTICE OF MOTION
                                              AND MEMORANDUM IN SUPPORT
18      v.                                    OF MOTION TO DISMISS
                                              COMPLAINT FOR LACK OF
19 AT&T Services, Inc., a Delaware            PERSONAL JURISDICTION**
   corporation; and AT&T Inc., a             [F.R.C.P. 12(b)(2)]**; OR, IN THE
20 Delaware corporation,                      ALTERNATIVE, TO JOIN AT&T
                                              SERVICES, INC.'S MOTION
21              Defendants.                    TO DISMISS** [F.R.C.P. 12(b)(6) AND
                                              9(B)]
22
                                              [Declarations of Thomas Koch and Ryan
23                                            Smith and [Proposed] Order filed
                                              concurrently]
24
                                              **Hearing:**
25                                            Date:     June 13, 2016
                                              Time:     10:00 a.m.
26                                            Place:    Courtroom No. 5
                                              Judge:    Hon. Christina Snyder
27

28

Gibson, Dunn &
Crutcher LLP

AT&T Inc.'s Notice of Motion and Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

## **NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 13, 2016, at 10:00 a.m., before the Honorable Christina Snyder, United States District Judge, in Courtroom 5, at 312 North Spring Street, Los Angeles, California 90012, Specially Appearing Defendant AT&T Inc. will and hereby does move, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Complaint (Dkt. 1), filed by Plaintiff Herring Networks, Inc. for lack of personal jurisdiction over AT&T Inc.

AT&T Inc.'s Rule 12(b)(2) Motion is made on the ground that there is no basis for personal jurisdiction over AT&T Inc. in California.  The Motion is based on this Notice of Motion and Motion, the Memorandum that follows, the Declarations of Thomas Koch and Ryan Smith filed herewith, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on the Motion.

In the alternative, if the Court declines to grant AT&T Inc.'s Rule 12(b)(2) Motion, AT&T Inc. hereby joins in AT&T Services, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [F.R.C.P. 12(b)(6) and 9(b)] filed concurrently herewith.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on March 25, 2016.

Dated: April 25, 2016          GIBSON, DUNN & CRUTCHER LLP


                               By: */s/ Marcellus McRae*
                                   Marcellus McRae, SBN 140308

                               Attorneys for Defendant AT&T Inc.,
                               Specially Appearing

---

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS.................................................................................. 1

      A.    Background on AT&T Inc. ..................................................................... 1

      B.    AT&T Inc.'s Lack of Contacts with the State of California..................... 1

      C.    The Complaint's Allegations ................................................................. 2

III.  ARGUMENT...................................................................................................... 5

      A.    Legal Standards Governing Personal Jurisdiction ................................. 5

      B.    The Complaint Impermissibly Conflates Two AT&T Defendants, Leaving AT&T Inc. Unable to Fully Address Plaintiff's Allegations for Purposes of Jurisdiction................................................................... 7

      C.    Plaintiff Cannot Establish General Jurisdiction Over AT&T Inc............. 8

      D.    Plaintiff Cannot Establish Specific Jurisdiction Over AT&T Inc. ........... 9

            1.    Plaintiff Cannot Establish Personal Jurisdiction Under the "Purposeful Availment" Test............................................. 11

            2.    Plaintiff Cannot Establish Personal Jurisdiction Under the "Purposeful Direction" Test.............................................. 13

      E.    The Contacts of AT&T Inc.'s Subsidiaries Cannot Subject AT&T Inc. to Personal Jurisdiction ................................................................ 15

      F.    If AT&T Inc.'s Motion Is Not Granted, AT&T Inc. in the Alternative Joins in AT&T Services, Inc.'s F.R.C.P. 12(b)(6) and 9(b) Motion to Dismiss for Failure to State a Claim ............................... 17

IV.   CONCLUSION ................................................................................................ 17

i

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abrams Shell v. Shell Oil Co.,*
  165 F. Supp. 2d 1096 (C.D. Cal. 2001) ................................................................ 2

*Alexander v. Circus Circus Enters., Inc.,*
  972 F.2d 261 (9th Cir. 1992) ................................................................ 11

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
  223 F.3d 1082 (9th Cir. 2000) ................................................................ 8

*Brand v. Menlove Dodge,*
  796 F.2d 1070 (9th Cir. 1986) ................................................................ 13

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ................................................................ 9

*Byrd v. Cal. Superior Ct.,*
  2009 WL 2031761 (N.D. Cal. July 8, 2009) ................................................................ 7

*Calder v. Jones,*
  465 U.S. 783 (1984) ................................................................ 10

*Calvert v. Huckins,*
  875 F. Supp. 674 (E.D. Cal. 1995) ................................................................ 6

*City of Monroe Emps.' Ret. Sys. v. Bridgestone Corp.,*
  399 F.3d 651 (6th Cir. 2005) ................................................................ 13

*Colford v. Moss,*
  2009 WL 507859 (C.D. Cal. Feb. 26, 2009) ................................................................ 7

*Cubbage v. Merchent,*
  744 F.2d 665 (9th Cir. 1984) ................................................................ 5

*Daimler AG v. Bauman,*
  134 S. Ct. 746 (2014) ................................................................ 6, 8, 9, 16

*Doe v. Am. Nat'l Red Cross,*
  112 F.3d 1048 (9th Cir. 1997) ................................................................ 9

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ................................................................ 5, 9, 10, 12, 15

*Dole Food Co. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002) ................................................................ 10, 13

*Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,*
  103 F.3d 888 (9th Cir. 1996) ................................................................ 6

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ................................................................................. 6

*Gordy v. Daily News, L.P.*,
  95 F.3d 829 (9th Cir. 1996) .......................................................................... 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ...................................................................................... 6

*In re W. States Wholesale Natural Gas Litig.*,
  605 F. Supp. 2d 1118 (D. Nev. 2009) ........................................................ 11

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ...................................................................................... 6

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
  628 F.2d 1175 (9th Cir. 1980) .................................................................... 15

*Pac. Atl. Trading Co. v. M/V Main Express*,
  758 F.2d 1325 (9th Cir. 1985) ...................................................................... 6

*Salazar v. Cnty. of Orange*,
  564 F. App'x 322 (9th Cir. 2014) ................................................................. 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ...................................................... 10, 11, 12, 13, 14

*Shaffer v. Heitner*,
  433 U.S. 186 (1977) ...................................................................................... 6

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) .................................................................... 10

*Stewart v. Screen Gems-EMI Music, Inc.*,
  81 F. Supp. 3d 938 (N.D. Cal. 2015) ........................................................... 2

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) .......................................................................... 10, 13

**Statutes**

Cal. Code Civ. Proc. § 410.10 ........................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................... 17

iii

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &

Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

AT&T Inc. is not a proper party to this action.  AT&T Inc. is a passive holding company that does not conduct business in California and does not have the necessary "minimum contacts" with California to establish jurisdiction over it in this venue. AT&T Inc. is incorporated in Delaware and headquartered in Texas.  AT&T Inc. has no offices or employees in California, and it does not offer, sell or provide any goods or services to residents of California.  It has not engaged in any of the business activities underlying the claims raised in Plaintiff's Complaint.  (Dkt. 1.)  As such, AT&T Inc. lacks the minimum contacts with California to subject it to this Court's jurisdiction.  Consequently, the Court should dismiss AT&T Inc. from this case with prejudice.

## II.      STATEMENT OF FACTS

**A.      Background on AT&T Inc.**

AT&T Inc. is incorporated in Delaware and is headquartered in Dallas, Texas. Declaration of Thomas Koch, filed herewith ("Koch Decl.") ¶ 4.  AT&T Inc. is a passive holding company that does not offer, sell or provide any goods or services to the public.  *Id.* ¶¶ 5, 7.  It does not provide television, telecommunications, Internet services, or any other services or products to the public, and is not engaged in the video programming business that is the subject of this action.  *Id.* ¶¶ 7, 8, 14.  Rather, AT&T Inc. is a traditional corporate parent company.

**B.      AT&T Inc.'s Lack of Contacts with the State of California**

That AT&T Inc. is a passive holding company without any operations in California is shown by the following facts:

•      AT&T Inc. has no employees in California;

•      AT&T Inc. has no office or mailing address in California;

•      AT&T Inc. does not own or lease property in California;

1

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

- AT&T Inc. has never been registered or otherwise qualified to do business in California;

- AT&T Inc. has no agent for service of process in California;

- AT&T Inc. pays no income, property, or franchise taxes in California; and

- AT&T Inc. does not manufacture any products, and it does not offer or provide any service of any kind, including video programming distribution services in California.

Koch Decl. ¶¶ 8-14.

In sum, AT&T Inc. has not availed itself of the privilege of doing business in California.

## C.    The Complaint's Allegations

Herring Networks, Inc. ("Herring" or "Plaintiff") is an independent television programming company, headquartered in San Diego, California.  Compl. ¶ 16.  Herring owns and operates two television networks:  A Wealth of Entertainment ("AWE") and One America News Network ("OAN").  *Id.* ¶ 17.  Those two networks are carried on AT&T Services, Inc.'s U-verse TV platform pursuant to a contract between AT&T Services, Inc. and Herring, dated April 10, 2014 (the "2014 Contract").  Compl. ¶¶ 22, 26.  The 2014 Contract specifically states that AT&T Inc. is not a party to it.  Smith Decl. Ex. A at 1, ¶ B.[1]

Herring's Complaint asserts seven California state-law claims against AT&T Inc. and AT&T Services, Inc., each of which relates to the U-verse TV platform and/or the DirecTV platform.  However, Herring does not distinguish between AT&T Inc. and AT&T Services, Inc. and improperly and vaguely conflates these two entities by

---

[1]  In considering a motion to dismiss for lack of personal jurisdiction, "a court may consider extrinsic evidence—that is, materials outside of the pleadings, including affidavits submitted by the parties." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951-52 (N.D. Cal. 2015) (considering "all of the testimonial and documentary evidence that the parties submitted").  The Court "cannot assume the truth of allegations in a pleading contradicted by a sworn affidavit." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).  The Declaration of Ryan Smith attaches excerpts from the 2014 Contract that are referenced herein or in AT&T Services, Inc.'s Rule 12(b)(6) and 9(b) motion.

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

generically referring to them as "AT&T."  Herring does not make any allegations specific to AT&T Inc. that involve contacts with California.

The Complaint contains two broad categories of claims.  <u>First</u>, Herring claims that "AT&T" committed fraud by concealment, intentional misrepresentation, and negligent misrepresentation by allegedly misrepresenting that it intended to expand U-verse while, in reality, AT&T allegedly was intending to purchase DirecTV and wind down its U-verse business (the "Fraud Claims").  Herring claims that because of this conduct, Herring's networks are being distributed to fewer subscribers, and it is receiving less in licensing fees.  Relatedly, Herring claims that AT&T breached the implied covenant of good faith and fair dealing by allegedly shifting subscribers from U-verse to DirecTV and thereby undermining Herring's bargained-for benefits.  Compl. ¶¶ 2, 5, 81-110.

<u>Second</u>, Herring claims AT&T committed breach of oral contract, breach of implied-in-fact contract, and violated principles of promissory estoppel by promising that Herring could appear on the DirecTV platform if Herring lobbied for AT&T's acquisition of DirecTV and the acquisition was successful (the "Lobbying Claims").  Herring alleges it engaged in these lobbying efforts, but that AT&T has not fulfilled its agreement to place Herring's channels on DirecTV.  Compl. ¶¶ 4, 6, 111-127.  In addition to failing on the merits,[2] each of these allegations is incorrect and misplaced as to AT&T Inc. because AT&T Inc. does not provide television or video programming services to the public, and AT&T Inc. does not enter into carriage agreements with the public.  Koch Decl. ¶¶ 5-14.

Herring tries to get around this problem by aggregating AT&T Services, Inc. and AT&T Inc.; of the 127 paragraphs in the Complaint, only a few contain allegations specifically directed at AT&T Inc.  Specifically, the Complaint alleges as follows:

---

[2]  As set forth in the motion to dismiss filed by AT&T Services, Inc., AT&T did not enter into any such lobbying agreement with Herring.

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

- AT&T Inc. is the parent company of AT&T Services, Inc. and is responsible for establishing company-wide corporate policies and practices for AT&T Services. Compl. ¶ 10.

- Top executives of AT&T Services, Inc., report directly to AT&T Inc., including Aaron Slator, the former President of Content and Advertising Sales at AT&T Services, Inc. Compl. ¶ 11.

- AT&T Inc. was responsible for planning, orchestrating and consummating the acquisition of DirecTV, which is now a subsidiary of AT&T Inc. AT&T Inc. was also responsible for promising Herring distribution on DirecTV if Herring supported the Acquisition with governmental regulators. Compl. ¶ 12.

- Another AT&T Inc. executive, James Cicconi, AT&T Inc.'s Senior Executive Vice President of External and Legislative Affairs, also promised Herring distribution on DirecTV in return for lobbying regulators for approval of the DirecTV acquisition. Slator and Cicconi allegedly represented to Herring that they had authority from AT&T's corporate headquarters in Dallas, Texas, to make this alleged promise. Compl. ¶ 13.

These allegations mischaracterize the employment of various individuals. For instance, Plaintiff alleges that James Cicconi is "AT&T Inc.'s Senior Executive Vice President of External and Legislative Affairs." Compl. ¶ 13. Plaintiff also alleges that Mr. Cicconi is an officer of AT&T Inc. *Id.* ¶ 71. However, Mr. Cicconi is not, and never has been, an employee of AT&T Inc. Koch Decl. ¶ 18. He also was not at the time of the events giving rise to this litigation, and is not now, an officer of AT&T Inc. *Id.* Rather, he is an employee of AT&T Services, Inc., and he is located in Washington, D.C. *Id.*

Plaintiff also alleges that Mr. Cicconi and Aaron Slator (former President of Content of AT&T Services, Inc.)[3] reported to officers of AT&T Inc. Compl. ¶¶ 11, 71.

---

[3] Plaintiff refers to Aaron Slator (the former President of Content Development of AT&T Services, Inc.), Tim McKone (Executive Vice President – Federal Relations of AT&T Services, Inc.) Ryan Smith (Assistant Vice President – AT&T Entertainment Group of AT&T Services, Inc.), and Landon Coe (Director – Product Marketing Management – AT&T Entertainment Group of AT&T Services, Inc.) in its Complaint. *See e.g.*, Compl. ¶¶ 11, 28, 45 and 72. However, Plaintiff does not

*(Cont'd on next page)*

4

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

1  However, those allegations do not connect AT&T Inc. to California in any way, or

2  suggest that AT&T Inc. engaged in conduct in California.  Moreover, none of the

3  officers to whom Mr. Cicconi or Mr. Slator reported was an employee of AT&T Inc.

4  Instead, Randall Stephenson, the Chief Executive Officer and Chairman, is an

5  employee of AT&T Management Services, L.P., and is located in Texas.  Koch Decl.

6  ¶ 15.  John Stankey, Chief Executive Officer – AT&T Entertainment Group of AT&T

7  Services, Inc., is employed by AT&T Services, Inc., and he is also located in Texas.

8  *Id.* ¶ 16.  Mr. Stankey is not an employee of AT&T Inc. and, as of July 24, 2015, is no

9  longer an officer of AT&T Inc.  *Id.*  Additionally, Lori Lee, Senior Executive Vice

10  President and Global Marketing Officer, is not, and never has been, an employee of

11  AT&T Inc.  She is an employee of AT&T Services, Inc., and she is also located in

12  Texas.  *Id*. ¶ 17.

13      The Complaint fails to allege any contact between Mr. Stephenson, Mr. Stankey

14  or Ms. Lee and California or any act by them to establish general or specific

15  jurisdiction over AT&T Inc. with respect to Plaintiff's claims.

16      In short, the Complaint fails to allege facts sufficient to establish this Court's

17  personal jurisdiction over AT&T Inc.

18  ### III.   ARGUMENT

19  **A.    Legal Standards Governing Personal Jurisdiction**

20      Plaintiff bears the burden of establishing personal jurisdiction.  *Doe v. Unocal*

21  *Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*citing Cubbage v. Merchent*, 744 F.2d 665,

22  667 (9th Cir. 1984)).  Courts use a two-step approach when analyzing whether

23  personal jurisdiction exists over a foreign corporation or other nonresident defendant.

24  *(Cont'd from previous page)*

25      allege that these individuals were or are employees of AT&T Inc. *Id.*  And, as set

26  forth in Mr. Koch's declaration, they are not, and have never been, employees of
   AT&T Inc.  Mr. Slator is a former employee of AT&T Services, Inc., and Messrs.

27  McKone, Smith and Coe are current employees of AT&T Services, Inc.  Koch
   Decl. ¶¶ 19-22.

28

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

First, the court determines whether the defendant's actions satisfy the forum state's personal jurisdiction statutes.  Second, the court must determine whether the defendant's contacts with the state satisfy federal due process.  *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996); *see also Calvert v. Huckins*, 875 F. Supp. 674, 676 (E.D. Cal. 1995) (*citing Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985)).  In California, the applicable law extends the jurisdiction of the state's courts to circumstances consistent with the California and United States Constitutions.  Cal. Code Civ. Proc. § 410.10.  "The statutory and constitutional requirements therefore merge into a single due process test." *Fireman's Fund Ins. Co.*, 103 F.3d at 893.

Under the Due Process Clause of the United States Constitution, it is a prerequisite to a court's jurisdiction that a foreign defendant have such "minimum contacts" with the forum state that maintenance of a suit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  There are two types of personal jurisdiction—general and specific.  General jurisdiction over a corporation exists only when the "corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  Specific jurisdiction exists where the "controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  Specific jurisdiction thus depends on an assessment of the "'relationship among the defendant, the forum, and the litigation.'" *Id.* at 414 (citation omitted).

Neither general nor specific jurisdiction over AT&T Inc. exists here.

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

**B.** **The Complaint Impermissibly Conflates Two AT&T Defendants, Leaving AT&T Inc. Unable to Fully Address Plaintiff's Allegations for Purposes of Jurisdiction**

When a complaint names multiple defendants, the complaint must be specific enough to allow each defendant to understand its alleged wrongdoing. As a result, when a complaint "lump[s] together claims and defendants" in a way that leaves "[d]efendants guessing [which] claim [wa]s brought against them," dismissal is warranted. *Salazar v. Cnty. of Orange*, 564 F. App'x 322, 322-23 (9th Cir. 2014) (last two alterations in original) (affirming district court's order dismissing the second amended complaint with prejudice); *see also Byrd v. Cal. Superior Ct.*, 2009 WL 2031761, at *8 (N.D. Cal. July 8, 2009) (dismissing Section 1981 claim as deficient because it failed to "allege specific facts as to each defendant's actions and how they relate to the discriminatory acts of which she complains"); *Colford v. Moss*, 2009 WL 507859, at *1 (C.D. Cal. Feb. 26, 2009) (dismissing complaint because it impermissibly "lumps together all of the defendants and does not specify who said what, and when").

Here, as indicated, the Complaint names as defendants AT&T Inc., and AT&T Services, Inc., but it repeatedly conflates those two separate entities under the generic "AT&T" moniker. *See e.g.,* Compl. ¶ 2. In fact, the Complaint makes nearly 300 references to "AT&T" without specifying whether Herring is referring to AT&T Inc. or AT&T Services, Inc. To take just a few examples: Paragraph 2 notes that "AT&T distributed Herring's two channels on AT&T's U-verse TV platform." But as set forth in the Declaration of Thomas Koch, AT&T Inc. does no such thing; it is not engaged in the television or video programming business at all. Koch Decl. ¶ 14. Likewise, Paragraph 3 claims "AT&T did not tell Herring about its intent to wind down its U-verse TV service." But again, AT&T Inc. does not provide U-verse or any other type of television service. *Id.* Paragraph 26 claims that "AT&T and Herring entered into a Network Affiliation Agreement" to carry Herring's channels on U-verse. However,

7

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

AT&T Inc. is not a party to any agreement with Herring.  Smith Decl. Ex. A at 1, ¶ B.  Again, it does not provide television or video programming service.  Koch Decl. ¶ 14.  Paragraph 13 claims that executive James Cicconi worked for AT&T Inc.  However, as set forth in the Koch declaration, the company has no employees, and Mr. Cicconi did not and does not work for AT&T Inc.  *Id.* ¶¶ 8, 18.  These sorts of ambiguities, gaps, and vagaries permeate the Complaint, which repeatedly—and vaguely—simply refers to "AT&T."

With few exceptions, it is simply impossible to tell which allegations are directed at AT&T Inc. and which allegations are directed at AT&T Services, Inc.  That alone is reason enough to grant dismissal.  Moreover, for the reasons that follow, on the few occasions that Plaintiff does call out AT&T Inc. specifically, what it alleges is inadequate to establish personal jurisdiction.

**C.     Plaintiff Cannot Establish General Jurisdiction Over AT&T Inc.**

"With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'"  *Daimler*, 134 S. Ct. at 760 (citation omitted); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted) ("The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence.").

General jurisdiction is plainly inappropriate here.  AT&T Inc. is a Delaware corporation with its headquarters in Texas.  Further, AT&T Inc. has no office or place of business in California (Koch Decl. ¶ 10), owns no real or personal property in California (*id.* ¶¶ 7, 10), has never been registered or otherwise qualified to do business in California (*id.* ¶ 13), has never appointed an agent for service of process in California (*id.*), has no employees, sales representatives or distributors in California (*id.* ¶¶ 8-9), does not lease any property in California (*id.* ¶ 10), and has no office or mailing address in California (*id.*).  AT&T Inc. does not provide television services,

telecommunications services, Internet services, or services of any other kind to the public, including the video programming distribution services allegedly at issue here. *Id.* ¶¶ 7, 14.  In short, AT&T Inc. has no contacts in California that would "approximate physical presence," much less the type of "continuous and systematic" contacts that would render AT&T Inc. "essentially at home" in California.  *Daimler*, 134 S. Ct. at 761 (quotation marks and citation omitted).

**D.  Plaintiff Cannot Establish Specific Jurisdiction Over AT&T Inc.**

A court may assert jurisdiction over a foreign corporation that is not "at home" in the state only if the plaintiff can demonstrate a sufficient nexus between the foreign corporation and its activities within the state that gave rise to the cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  The Supreme Court has held that due process requires that a foreign corporation have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign.  *Id.*  The Ninth Circuit uses the following three-part test to determine whether specific jurisdiction may be applied to a particular defendant:

(1)    The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    The claim must be one which arises out of or results from the defendant's forum-related activities; and

(3)    Exercise of jurisdiction must be reasonable.

*Unocal*, 248 F.3d at 923 (*citing Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)).  "All of these requirements must be met for jurisdiction over the defendant to comply with due process."  *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

1    The first prong of that test is divided into two distinct concepts: "purposeful

2 availment," which most often applies in contract cases, and "purposeful direction,"

3 which usually applies to tort cases. *Schwarzenegger v. Fred Martin Motor Co.*, 374

4 F.3d 797, 802 (9th Cir. 2004). To satisfy the "purposeful availment" requirement, a

5 court must find "that the defendant 'has performed some type of affirmative conduct

6 which allows or promotes the transaction of business within the forum state.'" *Unocal*,

7 248 F.3d at 924 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)). If

8 such forum-related activities are found, courts apply a "but-for" test to determine

9 whether the plaintiff's claims would have arisen but for the defendant's contacts with

10 California. *Id*. When both purposeful availment and the "but-for" relationship are

11 absent, a court need not consider the reasonableness test. *Id*. at 925.

12    The "purposeful direction" test is evaluated under the three-part effects test set

13 forth in the U.S. Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984).

14 To meet that test, a defendant must have "(1) committed an intentional act, (2)

15 expressly aimed at the forum state, (3) [which] caus[ed] harm that the defendant [knew

16 was] likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803

17 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The Supreme

18 Court has held that this inquiry must focus on the "defendant's contacts with the forum

19 [s]tate itself, not the defendant's contacts with persons who reside there." *Walden v.

20 Fiore*, 134 S. Ct. 1115, 1122 (2014). The Supreme Court further held that "*Calder*

21 made clear that mere injury to a forum resident is not a sufficient connection to the

22 forum" for purposes of personal jurisdiction over a defendant. *See id*. at 1125.

23    In this case, Plaintiff asserts both contract and tort claims, therefore both tests

24 are at issue. However, Plaintiff does not satisfy either the "purposeful availment" or

25 the "purposeful direction" test.

26

27

28

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

### 1.   Plaintiff Cannot Establish Personal Jurisdiction Under the "Purposeful Availment" Test

Plaintiff fails to satisfy the "purposeful availment" test.  AT&T Inc. has performed no "affirmative conduct" that "allows or promotes the transaction of business within" California.  *Unocal*, 248 F.3d at 924 (citation omitted).

First, the Complaint is devoid of any allegation that AT&T Inc. had any contacts with California or performed any affirmative conduct or transaction in California.  AT&T Inc. is not a party to any existing contract with Herring.  In fact, the Complaint does not even make such an allegation as to "AT&T Inc."  The Complaint also does not allege that AT&T Inc. entered into any negotiations, made any promises or entered into any transactions with Herring in California.  Likewise, the Complaint does not allege that AT&T Inc. officers Stephenson and Lee, and former officer Stankey, had any contact with Herring in California or performed any act relating to Herring's claims in California.  Because AT&T Inc. took *no* "actions in the forum, such as executing or performing a contract there," it did not purposely avail itself of that forum.  *See Schwarzenegger*, 374 F.3d at 802.

Plaintiff appears to allege that Mr. Cicconi was an employee of AT&T Inc.  However, that is false, and "for personal jurisdiction purposes, a court 'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'"  *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1130 (D. Nev. 2009) (quoting *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992)).  Here, as set forth in the Declaration of Thomas Koch, Mr. Cicconi is not, and never has been, an employee of AT&T Inc.  He is employed by AT&T Services, Inc. and is based in Washington, D.C.  Koch Decl. ¶ 18.  More importantly, the Complaint only alleges two contacts between Herring and Mr. Cicconi, and neither of those contacts are alleged to have taken place in California.  Complaint ¶¶ 72 and 73.  The other individuals identified by name in the Complaint (Messrs. Slator, McKone, Smith and

11

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

1   Coe) are or were employees of AT&T Services, Inc., not AT&T Inc., and the

2   Complaint does not allege otherwise.  Koch Decl.  ¶¶ 19-22.

3        Plaintiff further alleges contract claims asserting that AT&T Inc. was

4   responsible "for promising Herring distribution on DirecTV's platform if Herring

5   supported the Acquisition with governmental regulators."  Plaintiff contends that

6   "AT&T Inc. instructed and authorized Aaron Slator to promise Herring distribution on

7   DirecTV in exchange for Herring's lobbying for, and support of, the Acquisition" and

8   that "Slator and Cicconi represented to Herring that they had authority from AT&T

9   corporate headquarters in Dallas, Texas, to agree that Herring would obtain

10  distribution on DirecTV once the Acquisition was completed."  Compl. ¶¶ 12-13.

11  Plaintiff nowhere alleges that AT&T Inc. issued these alleged instructions in

12  California, or made any promise to Herring in California.  Instead, the supposed

13  contract at issue was to be a nationwide contract, not directed at any particular state.

14  Thus, even accepting the allegations as true, they are insufficient because the alleged

15  conduct does not amount to taking "actions in the forum." *Schwarzenegger*, 374 F.3d

16  at 802.

17       Second, Plaintiff cannot satisfy the second prong of the *Unocal* test.  That prong

18  asks the Court to assess whether Plaintiff's claim "arises out of or results from [AT&T

19  Inc.'s] forum-related activities." *See Unocal*, 248 F.3d at 923 (citation omitted).

20  When analyzing this prong, courts have developed a "but-for test" that asks whether

21  Plaintiff's claims would have arisen but for AT&T Inc.'s supposed contacts with

22  California. *See id.* Here, AT&T Inc. engaged in no forum-related activities.  A claim

23  cannot arise out of non-existent contacts.  Thus, Plaintiff cannot satisfy the second

24  prong of the *Unocal* test.

25       Finally, it would be unreasonable to find AT&T Inc. subject to personal

26  jurisdiction on the facts alleged. *See Unocal*, 248 F.3d at 925.  AT&T Inc. had no

27

28

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

1   contacts with California, and it is not reasonable to hale AT&T Inc. into a California

2   court based on the contacts of individuals employed by other AT&T entities.

3        Moreover, Plaintiff has not alleged or even suggested that AT&T Services, Inc.

4   would be unable to satisfy any obligations that may arise from the resolution of this

5   dispute.  Thus, even if AT&T Inc. were somehow involved in Plaintiff's claims, it is

6   not a necessary party.  *See City of Monroe Emps.' Ret. Sys. v. Bridgestone Corp.*, 399

7   F.3d 651, 666 (6th Cir. 2005) (holding that it is "unreasonable" to exercise personal

8   jurisdiction where the addition of the proposed defendant as a party added "little or

9   nothing" to plaintiffs' claims).  Likewise, Plaintiff has not alleged any facts suggesting

10  that it is unable to bring suit against AT&T Inc. in Texas or Delaware.  *See Brand v.*

11  *Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986) (exercise of personal jurisdiction

12  is not reasonable where action could proceed in defendant's home state).

13       Plaintiff thus has failed to allege facts supporting specific jurisdiction over

14  AT&T Inc. under the purposeful availment test.

15       **2.    Plaintiff Cannot Establish Personal Jurisdiction Under the**
16              **"Purposeful Direction" Test**

17       Plaintiff likewise fails to satisfy the "purposeful direction" test applicable to tort

18  allegations (here, the Fraud Claims).  In order to meet that test, the defendant must

19  have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3)

20  [which] caus[ed] harm that the defendant [knew was] likely to be suffered in the forum

21  state."  *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d

22  1104, 1111 (9th Cir. 2002)).  As indicated, the Supreme Court has held that this

23  inquiry must focus on the "defendant's contacts with the forum [s]tate itself, not the

24  defendant's contacts with persons who reside there."  *Walden*, 134 S. Ct. at 1122.  The

25  "mere injury to a forum resident is not a sufficient connection to the forum" for

26  purposes of personal jurisdiction over a defendant.  *Id*. at 1125.

27       To begin with, AT&T Inc. did not engage in any intentional conduct aimed at

28  California.  As previously indicated, AT&T Inc. is a passive holding company

13

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

incorporated in Delaware and based in Texas.  It does not offer any goods or services to the public, and it did not engage in any intentional conduct against Plaintiff.  AT&T Inc. does not provide television services or video programming distribution services.  AT&T Inc. does not enter into carriage contracts with the public.  *See* Koch Decl. ¶¶ 7-14.  The Complaint cannot get around that reality.  There is no plausible allegation that AT&T Inc. has committed any "intentional act" "expressly aimed" ***at California***.

Plaintiff nevertheless alleges that "AT&T Inc. is responsible for establishing company-wide corporate policies or practices for AT&T Services."  Compl. ¶ 10.  The Complaint fails to allege exactly what these alleged policies are, how or if AT&T Inc. ensures they are carried out, or how they affected the decision making of AT&T Services, Inc., the only proper party to this action.  But whatever they are, "company-wide corporate policies or practices" are, almost by definition, not directed expressly at California or any individual entity such as Herring.  For purposeful direction to exist, Plaintiff must demonstrate that the defendant "expressly aimed" its conduct so as to cause a result in California.  *Schwarzenegger*, 374 F.3d at 806.  If Plaintiff's allegation of a "company-wide corporate polic[y]" amounted to "express aiming," AT&T Inc. would be amenable to personal jurisdiction in any state if one of its subsidiaries harmed someone while carrying out a general corporate "policy" established by AT&T Inc.  That would not only defy the concept of "expressly aiming" at a state, but would defy standards of reasonableness by subjecting any company with national policies to the jurisdiction in all 50 states.

Plaintiff also alleges that AT&T Inc. was responsible for "the acquisition of DirecTV," which in turn allegedly caused Herring's injury.  This allegation suffers from the same flaw.  Plaintiff has not alleged how AT&T Inc. targeted California by acquiring DirecTV.  DirecTV was acquired by merging it into another AT&T Inc. subsidiary (which is not uncommon in these sorts of corporate transactions) which was a Delaware Corporation.  Koch Decl. ¶ 23.  The acquisition was not a harmful "act" or

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

"conduct" committed by AT&T Inc. and directed at California sufficient to confer personal jurisdiction.  *See Schwarzenegger*, 374 F.3d at 807.

Finally, the "purposeful direction" test requires Plaintiff to allege that AT&T Inc. knew its actions were likely to cause harm in California.  The Complaint is void of any such allegations.

## E.   The Contacts of AT&T Inc.'s Subsidiaries Cannot Subject AT&T Inc. to Personal Jurisdiction

Plaintiff likewise cannot establish personal jurisdiction over AT&T Inc. based on the contacts its subsidiaries have with California.  A parent-subsidiary relationship alone is an insufficient basis for attributing the contacts of the subsidiary to the parent for jurisdictional purposes.  *Unocal*, 248 F.3d at 925.  In order to impute a subsidiary's contacts to its parent, the subsidiary must be the parent's alter ego or general agent. *Id*. at 926.  The alter-ego test requires a plaintiff to prove that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist, and that failure to disregard their separate identities would result in fraud or injustice.  *Id*.  The agency test requires proof that the subsidiary functions as the parent corporation's representative in performing services that are so important to the foreign parent corporation that if it did not have a representative to perform them, the corporation's own officials would be required to undertake substantially similar activities.  *Id*. at 928.  Neither test is satisfied when "[t]he parent and subsidiary have dealt with each other as distinct corporate entities."  *Kramer Motors, Inc. v. British Leyland, Ltd*., 628 F.2d 1175, 1178 (9th Cir. 1980).

In *Kramer*, the Ninth Circuit held that the following facts were **insufficient** to impute a subsidiary's conduct to its parent under either the alter ego or agency theory: (1) both entities shared some common officers and directors; (2) the parent "had general executive responsibility for the operation of [the subsidiary], and reviewed and approved its major policy decisions"; and (3) the parent had approved the marketing scheme at issue in the action.  *Id*. at 1177.  In this case, similar to *Kramer*, Plaintiff

15

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

1   alleges in conclusory terms that AT&T Inc. has executive responsibility for the

2   operations of its subsidiaries, and that it "was responsible for planning, orchestrating

3   and consummating the acquisition of DirecTV." Compl. ¶¶ 12, 77. Those allegations

4   are insufficient to impute the activities of the subsidiaries to AT&T Inc. for purposes

5   of jurisdiction. *See Kramer*, 628 F.2d at 1177-78.

6   Likewise, recent Supreme Court authority confirms that there is no valid

7   "agency" theory of personal jurisdiction. In *Daimler AG v. Bauman*, 134 S. Ct. 746

8   (2014), the Court declined to exercise personal jurisdiction over a foreign corporation

9   based solely on the contacts of its domestic subsidiary. The Ninth Circuit had

10  previously held that the subsidiary's California contacts were widespread and

11  sufficient enough to subject the foreign parent to general jurisdiction. *Id*. at 758-59.

12  But the Supreme Court reversed unanimously, declaring that however widespread the

13  subsidiary's activities in the forum were, they could not be imputed to a foreign parent

14  on an agency theory for purposes of asserting jurisdiction. *Id*. at 758-60.[4]

15  Under *Kramer* and *Daimler*, Plaintiff cannot rely on the activities of other

16  AT&T entities to demonstrate personal jurisdiction over AT&T Inc. AT&T Inc. is a

17  legally and factually separate corporate entity, distinct from its subsidiaries, including

18  AT&T Services, Inc. AT&T Inc. has its own board of directors and officers and

19  maintains its own independent corporate structure. Each of AT&T Inc.'s subsidiaries,

20  including AT&T Services, Inc., also maintains its own independent corporate,

21  partnership, or limited liability company status, identity, and structure. Koch Decl.

22  ¶ 6. As such, the activities of the subsidiaries cannot be imputed to the parent

23  company for purposes of jurisdiction.

24

25  _____

26  [4] To be sure, *Daimler*'s decision turns on general, not specific jurisdiction, and thus,
    it does not control the analysis here. But it remains instructive: Nothing in the

27  Court's opinion suggests that it would be proper to impute such contacts when
    assessing specific jurisdiction.

28

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn &
Crutcher LLP

**F.**    **If AT&T Inc.'s Motion Is Not Granted, AT&T Inc. in the Alternative Joins in AT&T Services, Inc.'s F.R.C.P. 12(b)(6) and 9(b) Motion to Dismiss for Failure to State a Claim**

In the event that the Court decides it has personal jurisdiction over AT&T Inc., AT&T Inc. alternatively moves for dismissal on the same grounds urged by AT&T Services, Inc. in its Rule 12(b)(6) and 9(b) Motion and joins in that Motion.  This joinder is made without waiver of, or prejudice to, AT&T Inc.'s contention that it is not a proper party to this lawsuit and is not a party engaged in any of the conduct which allegedly forms the basis of Plaintiff's claims herein.  Notwithstanding the foregoing, the allegations of the Complaint are equally defective as against AT&T Inc. for the reasons set forth in the Rule 12(b)(6) and 9(b) Motion.  Rather than burden the Court with repetitive briefing, AT&T Inc. incorporates herein the arguments set forth in that Motion.

## IV.    CONCLUSION

For the foregoing reasons, Specially Appearing Defendant AT&T Inc. respectfully requests that the Court dismiss with prejudice Plaintiff's action as against AT&T Inc. for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: April 25, 2016                     Respectfully submitted,

                                          GIBSON, DUNN & CRUTCHER LLP


                                          By:  */s/ Marcellus McRae*
                                               Marcellus McRae, SBN 140308

                                          Attorneys for Defendant AT&T Inc.,
                                          Specially Appearing

Gibson, Dunn & Crutcher LLP

AT&T Inc.'s Memorandum in Support of Motion to Dismiss Complaint
for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636