MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
JAMES ZELENAY, SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JAMES C. HO (*pro hac vice* pending)
  jho@gibsondunn.com
ASHLEY E. JOHNSON (*pro hac vice* pending)
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:   214.571.2900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Herring Networks, Inc.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AT&T Inc. a Delaware corporation; and AT&T Services, Inc., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. 2:16-cv-01636<br><br>**DECLARATION OF THOMAS KOCH IN SUPPORT OF AT&T INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)]**<br><br>**Hearing:**<br>Date:　　June 13, 2016<br>Time:　　10:00 a.m.<br>Place:　　Courtroom No. 5<br>Judge:　　Hon. Christina Snyder |

Declaration of Thomas M. Koch In Support of AT&T Inc.'s Motion to Dismiss
Complaint for Lack of Jurisdiction
Case No. 2:16-cv-01636

I, Thomas M. Koch, declare as follows:

1. I am an Assistant Vice President of Accounting in the Finance Department of AT&T Services, Inc. I make this declaration in support of AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction.

2. Unless otherwise noted herein, all of the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties. AT&T Inc. does not consent to jurisdiction in the State of California, and I make this declaration only as part of a special appearance in support of this instant Motion to Dismiss.

3. My job duties at AT&T Services, Inc. include serving in the Controller's Department for the AT&T family of companies. I have been in this or a similar position since 2005 and have been with the AT&T family of companies since 1996. As such, I am personally familiar with the corporate structure of AT&T Inc.

4. AT&T Inc. was incorporated in Delaware in October 1983 under the name Southwestern Bell Corporation. Since then it has changed its name twice. In 1995 it changed its name to SBC Communications Inc. ("SBC"). Then, after the 2005 acquisition of AT&T Corp., a New York corporation, SBC changed its name to AT&T Inc. The acquired company, AT&T Corp., became a subsidiary of AT&T Inc. Throughout, AT&T Inc. has remained a Delaware corporation, currently headquartered in Dallas, Texas.

5. AT&T Inc. is and always has been a holding company. It was created as one of seven regional holding companies that were divested on January 1, 1984 by the American Telephone and Telegraph Company as part of the settlement of *United States v. Western Electric Company, Inc.*, Civil Action No. 82-0192 (D.D.C.).

6. AT&T Inc. is a legally and factually separate corporate entity, distinct from its subsidiaries, including AT&T Services, Inc. AT&T Inc. has its own board of directors and officers and maintains its own independent corporate structure. Each of

Gibson, Dunn & Crutcher LLP

1

Declaration of Thomas M. Koch In Support of AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

AT&T Inc.'s subsidiaries maintains its own independent corporate, partnership, or limited liability company status, identity, and structure.

7. As a holding company, AT&T Inc. conducts no business with the public. AT&T Inc. does not own or maintain a telecommunications network. AT&T Inc. does not provide television services, telecommunications services, Internet services, video programming distribution services or other services of any kind to the public.

8. AT&T Inc. does not have any employees, sales representatives or distributors, and produces nothing to sell or distribute.

9. AT&T Inc. has officers and a board of directors, but AT&T Inc. has no employees in California or elsewhere.

10. AT&T Inc. has no presence in California. It has no office or mailing address in California and does not own, lease, manage, or maintain any real property, office, residence or place of business in California.

11. AT&T Inc. is not an insurance company and has not insured any person, property or risk located in California.

12. AT&T Inc. does not pay income, property or franchise taxes to the State of California.

13. AT&T Inc. has never been registered, licensed or otherwise qualified to do business in California and has not appointed a registered agent for service of process in California.

14. AT&T Inc. does not manufacture, provide or place into the stream of commerce for California or elsewhere any product of any kind or any service of any nature, including television services or video programming distribution services.

15. Randall Stephenson is the Chief Executive Officer and Chairman of the Board of Directors of AT&T Inc. Mr. Stephenson is not, and never has been, an employee of AT&T Inc. Mr. Stephenson is an employee of AT&T Management Services, L.P., and he is located in Texas.

Gibson, Dunn & Crutcher LLP

2

Declaration of Thomas M. Koch In Support of AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

16. John Stankey is the Chief Executive Officer – AT&T Entertainment Group of AT&T Services, Inc. Mr. Stankey is not, and never has been, an employee of AT&T Inc. Mr. Stankey is employed by AT&T Services, Inc., and he is located in Texas. He was previously an officer of AT&T Inc. However, as of July 24, 2015, he is no longer an officer of AT&T Inc.

17. Lori Lee is Senior Executive Vice President & Global Marketing Officer of AT&T Inc. Ms. Lee is not, and never has been, an employee of AT&T Inc. Ms. Lee is employed by AT&T Services, Inc., and she is located in Texas.

18. James Cicconi is Senior Executive Vice President – External and Legislative Affairs of AT&T Services, Inc. Mr. Cicconi is not, and never has been, an employee of AT&T Inc. Mr. Cicconi is employed by AT&T Services, Inc., and he is located in Washington D.C. Also, Mr. Cicconi is not an officer of AT&T Inc. He was an officer of AT&T Inc. from November 18, 2005 until November 1, 2008.

19. Aaron Slator was formerly the President of Content Development for AT&T Services, Inc. Mr. Slator was not, and never has been, an employee of AT&T Inc. He was an employee of AT&T Services, Inc.

20. Tim McKone is Executive Vice President – Federal Relations of AT&T Services, Inc. Mr. McKone is not, and never has been, an employee of AT&T Inc. Mr. McKone is employed by AT&T Services, Inc., and he is located in Washington D.C.

21. Ryan Smith is Assistant Vice President – AT&T Entertainment Group of AT&T Services, Inc. Mr. Smith is not, and never has been, an employee of AT&T Inc. Mr. Smith is employed by AT&T Services, Inc.

22. Landon Coe is Director – AT&T Entertainment Group of AT&T Services, Inc. Mr. Coe is not, and never has been, an employee of AT&T Inc. Mr. Coe is employed by AT&T Services, Inc.

Gibson, Dunn & Crutcher LLP

3

Declaration of Thomas M. Koch In Support of AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

23. On July 24, 2015, DirecTV, a Delaware corporation, merged with and into Steam Merger Sub LLC, a Delaware limited liability company and a direct, wholly-owned subsidiary of AT&T Inc., with Steam Merger Sub LLC as the surviving entity. In connection with the merger, Steam Merger Sub LLC changed its name to DirecTV Group Holdings, LLC. DirecTV, LLC, a California limited liability company, was an indirect, wholly-owned subsidiary of DirecTV prior to the merger and remains an indirect, wholly-owned subsidiary of DirecTV Group Holdings, LLC following the merger.

I declare, under penalty of perjury under the laws of the United States, that these facts are true and correct and that this Declaration is executed this 25th day of April 2016 at Dallas, Texas.

*[signature]*

Thomas M. Koch

Gibson, Dunn & Crutcher LLP

4

Declaration of Thomas M. Koch In Support of AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636