1  MARCELLUS MCRAE, SBN 140308
     mmcrae@gibsondunn.com
2  JAMES ZELENAY, SBN 237339
     jzelenay@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071
   Telephone:  213.229.7000
5  Facsimile:   213.229.7520

6

7  JAMES C. HO (*pro hac vice* admitted)
     jho@gibsondunn.com
   ASHLEY E. JOHNSON (*pro hac vice* admitted)
8    ajohnson@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
9  2100 McKinney Avenue
   Dallas, TX  75201
10 Telephone:  214.698.3100
   Facsimile:  214.571.2900
11
   Attorneys for Defendants
12 AT&T Services, Inc. and AT&T Inc.,
   Appearing Specially
13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17 | Herring Networks, Inc.,                  | Case No. 2:16-cv-01636-CAS-AGR

18 |                      Plaintiff,           | **AT&T INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)]**

19 |           v.                             |

20 | AT&T Inc. a Delaware corporation; and
     AT&T Services, Inc., a Delaware
21   corporation,

22 |                      Defendants.          | **Hearing:**
                                                Date:      June 27, 2016
23                                             Time:      10:00 a.m.
                                               Place:     Courtroom No. 5
24                                             Judge:     Hon. Christina Snyder

25

26

27

28

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page (s)

I.    INTRODUCTION ................................................................................. 1

II.   RELEVANT FACTS .......................................................................... 2

III.  LEGAL ARGUMENT ........................................................................ 3

     A.    Plaintiff Concedes That the Court Lacks General Jurisdiction over
           AT&T Inc. .................................................................................... 3

     B.    Plaintiff Has Failed to Meet Its Burden of Establishing Specific
           Jurisdiction over AT&T Inc. ......................................................... 3

           1.    AT&T Inc. Has Not Purposefully Availed Itself of the
                 Privilege of Doing Business in California. .......................... 4

                 a.    AT&T Inc. Did Not Engage in Any Conduct or
                       Promote the Transaction of Business in California. ..... 4

                 b.    The Koch Declaration Controverts the Complaint's
                       Jurisdictional Analysis. ............................................ 7

                 c.    AT&T Services, Inc.'s Conduct May Not Be Imputed
                       to AT&T Inc. ........................................................... 9

                       i.    There Is No Basis for Jurisdiction Over AT&T
                             Inc. Under California Agency Law. ................. 10

                       ii.   There Is No Basis for Jurisdiction Under Federal
                             Agency Law. .................................................. 11

           2.    AT&T Inc. Did Not Purposefully Direct Any Act to
                 California ..................................................................... 14

                 a.    AT&T Inc. Did Not Engage in Any Relevant
                       Intentional Conduct. ................................................ 14

                 b.    AT&T Inc. Did Not "Expressly Aim" Any Intentional
                       Conduct at California. ............................................. 16

                 c.    Plaintiff Fails to Allege that AT&T Inc. Knew Its
                       Alleged Intentional Conduct Would Cause Harm in
                       California. ............................................................... 18

           3.    Plaintiff's Claims Do Not Arise from Any California-Related
                 Activity by AT&T Inc. ................................................... 20

           4.    The Assertion of Personal Jurisdiction over AT&T Inc.
                 Would Be Unreasonable. ................................................ 21

i

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn & Crutcher LLP

C.   The Complaint Impermissibly Conflates AT&T Inc. and AT&T Services, Inc., Leaving AT&T Inc. Unable to Fully Address Plaintiff's Allegations for Purposes of Jurisdiction. ................................. 22

D.   Plaintiff Is Not Entitled to Jurisdictional Discovery ............................... 23

IV.   CONCLUSION ............................................................................................. 24

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACORN v. Household Int'l, Inc.,*
211 F. Supp. 2d 1160 (N.D. Cal. 2002)................................................................13

*Alphin v. Peter K. Fitness, LLC,*
2014 WL 6997653 (N.D. Cal. Dec. 11, 2014) .....................................................11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)......................................................................................16, 19

*Bates v. Bankers Life and Cas. Co.,*
993 F. Supp. 2d 1318 (D. Or. 2014) ...................................................................13

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985)................................................................................................4

*C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.,*
213 F.3d 474 (9th Cir. 2000) ...............................................................................10

*Calder v. Jones,*
465 U.S. 783 (1984)...................................................................................6, 14, 19

*Core-Vent Corp. v. Nobel Indus. AB,*
11 F.3d 1482 (9th Cir. 1993) ...............................................................................22

*Daimler AG v. Bauman,*
134 S. Ct. 746 (2014).............................................................................................12

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
557 F.2d 1280 (9th Cir. 1977) .............................................................................24

*Destfino v. Reiswig,*
630 F.3d 952 (9th Cir. 2011) .........................................................................22, 23

*Doe v. Am. Nat'l Red Cross,*
112 F.3d 1048 (9th Cir. 1997) ...............................................................................4

*Doe v. Unocal Corp.,*
248 F.3d 915 (9th Cir. 2001) ..........................................4, 8, 11, 12, 13, 20

*Dole Food Co. v. Watts,*
303 F.3d 1104 (9th Cir. 2002) ...............................................................14, 17, 18

*Eddy v. Amusement Co.,*
21 Cal. App. 487 (1913) .......................................................................................10

*F. Hoffman-La Roche, Inc. v. Superior Court,*
130 Cal. App. 4th 782 (2005) ..............................................................................11

*Gordy v. Daily News, L.P.,*
95 F.3d 829 (9th Cir. 1996) ...................................................................................4

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

*Hanson v. Denckla*,
   357 U.S. 235 (1958)..................................................................................4

*Kopff v. Battaglia*,
   425 F. Supp. 2d 76 (D.D.C. 2006)...........................................................24

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
   628 F.2d 1175 (9th Cir. 1980)...........................................................11, 12

*Launer v. Buena Vista Winery, Inc.*,
   916 F. Supp. 204 (E.D.N.Y. 1996)..........................................................20

*Martinez v. Manheim Cent. Cal.*,
   2011 WL 1466684 (E.D. Cal. Apr. 18, 2011) .........................................24

*Metropolitan Life Ins. Co. v. Neaves*,
   912 F.2d 1062 (9th Cir. 1990) ...........................................................17, 18

*Mitan v. Feeney*,
   497 F. Supp. 2d 1113 (C.D. Cal. 2007) ...................................................24

*Modesto City Schs. v. Riso Kagaku Corp.*,
   157 F.Supp.2d 1128 (E.D. Cal. 2001) ......................................................13

*Munns v. Clinton*,
   822 F. Supp. 2d 1048 (E.D. Cal. 2011) .....................................................5

*In re Nelson*
   761 F.2d 1320 (9th Cir. 1985) ..................................................................10

*NML Capital, Ltd. v. Republic of Argentina*,
   2015 WL 1186548 (D. Nev. Mar. 16, 2015) ............................................12

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ....................................................................6

*Penthouse Int.'l Ltd. v. Barnes*,
   792 F.2d 943 (9th Cir. 1986) ....................................................................10

*Peterson v. Highland Music, Inc.*,
   140 F.3d 1313 (9th Cir. 1998) ....................................................................6

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   344 F. Supp. 2d 686 (W.D. Wash. 2003) .................................................13

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) .............................................................17, 19

*Regal Arts & Gifts, Inc. v. Fusion Prods. Ltd.*,
   2016 WL 454116 (N.D. Cal. Feb. 5, 2016)................................................5

*Rich v. KIS Cal., Inc.*,
   121 F.R.D. 254 (M.D.N.C. 1988)..............................................................24

iv

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

*Salazar v. Cnty. of Orange*,
  564 F. App'x 322 (9th Cir. 2014) (unpublished opinion) .................................. 22, 23

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ..............................3, 4, 6, 7, 14, 16, 19, 20, 21

*Solar Gear Inc. v. Sunglass Hut Int'l Inc.*,
  1994 WL 587237 (N.D. Cal. May 24, 1994) ........................................................ 6, 7

*Sonora Diamond Corp. v. Superior Court*,
  83 Cal. App. 4th 523 (2000) ................................................................................. 11

*Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir. 1995) .................................................................................. 24

*United States v. Bestfoods*,
  524 U.S. 51 (1998) ................................................................................................ 11

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ...............................................................14, 16, 17, 18, 19

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
  556 F.2d 406 (9th Cir. 1977) ................................................................................ 23

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ................................................................ 25

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 25

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

# I.  INTRODUCTION

Plaintiff's Opposition to AT&T Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction underscores the defects of the Complaint.  Plaintiff's Opposition fails to address the facts set forth in AT&T Inc.'s Opening Memorandum establishing the absence of AT&T Inc.'s contacts with California.  AT&T Inc. is neither a necessary nor proper party subject to the jurisdiction of this Court, and Plaintiff's indiscriminate use of the name "AT&T" throughout the Complaint in an effort to impute the action of a separate entity (AT&T Services, Inc.) to AT&T Inc. does not make it otherwise.

Plaintiff concedes that there is no basis for asserting general jurisdiction over AT&T Inc.  Thus, Plaintiff simply ignores (and does not dispute) the facts set forth in the declaration of Thomas Koch that AT&T Inc. is a holding company; is a Delaware corporation with its principal place of business in Dallas, Texas; has no employees in California; has no office or mailing address in California; does not own or lease property in California; has never been registered to do business in California; has no agent for service of process in California; and pays no taxes in California.  Most fundamentally, Plaintiff does not dispute that AT&T Inc. does not provide any video programming distribution services to the public—the very services which form the basis of Plaintiff's Complaint.

Instead, recognizing the defects in its Complaint, Plaintiff repeatedly sidesteps and mischaracterizes the operative allegations, as well as AT&T Inc.'s arguments, all the while failing to show that AT&T Inc. has any contacts with California sufficient to invoke this Court's jurisdiction.  Plaintiff attempts to salvage its jurisdiction claim by relying on the "agency test."  But Plaintiff's arguments are based on a misstatement and misapplication of agency law and fail to support the assertion of jurisdiction over AT&T Inc.  Plaintiff also claims that specific jurisdiction applies because AT&T Inc. purportedly engaged in forum-related activities and AT&T Inc. executives purportedly engaged in intentional acts that were expressly aimed at or had an impact in California.

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

But these contentions are belied by the allegations in the Complaint.  Plaintiff's generic and conclusory allegations—which have been controverted by the evidence AT&T Inc. has submitted—are insufficient as a matter of law to establish personal jurisdiction over AT&T Inc.

In short, Plaintiff has failed to meet its burden of demonstrating that this Court has personal jurisdiction over AT&T Inc.  Accordingly, AT&T Inc. respectfully requests that this Court grant its Motion to Dismiss and deny Plaintiff's request to conduct jurisdictional discovery.

## II.   RELEVANT FACTS

The key allegations in the Complaint Plaintiff relies upon to support its jurisdiction argument are as follows:

- AT&T Inc. allegedly is responsible for establishing company-wide corporate policies and practices for its subsidiaries, including for AT&T Services.  Compl. ¶ 10.

- Top executives of AT&T Services, Inc., allegedly report directly to AT&T Inc., including Aaron Slator, the former President of Content and Advertising Sales at AT&T Services, Inc.  Compl. ¶ 11.

- AT&T Inc. allegedly was responsible for planning, orchestrating and consummating the acquisition of DirecTV, which is now a subsidiary of AT&T Inc.  And, AT&T Inc. was also responsible for promising Herring distribution on DirecTV if Herring supported the acquisition with government regulators. Compl. ¶ 12.

- AT&T Inc. executive James Cicconi,[1] and AT&T Services, Inc. executive Aaron Slator, allegedly promised Herring carriage on DirecTV.  And, Cicconi and Slator represented that they had authority from AT&T's corporate headquarters in Dallas, Texas, to make this alleged promise.  Compl. ¶ 13.

---

[1] The Complaint erroneously refers to Mr. Cicconi as an AT&T Inc. executive, even though Mr. Cicconi is an employee of AT&T Services, Inc.  *See* declarations of Thomas Koch ¶ 18 and James Cicconi ¶ 2.

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

Moreover, even though it is not alleged anywhere in the Complaint, in its Opposition Plaintiff argues that AT&T Inc. directly engaged in communications with Plaintiff regarding purchasing an equity stake in Herring, and sent its employees to meet with Herring in California to discuss the purchase.  Opp. at 5.

As set forth below, these allegations are either outside the Complaint, irrelevant, inaccurate, vague, conclusory, and/or have been controverted by the evidence submitted by AT&T Inc. in support of this Motion.  *See* declarations of Thomas Koch, James Cicconi, and Kalpesh Patel.

## III.   LEGAL ARGUMENT

### A.   Plaintiff Concedes That the Court Lacks General Jurisdiction over AT&T Inc.

Plaintiff's Opposition concedes that the Court lacks general jurisdiction over AT&T Inc. Opp. at 9 n.3.  ("Herring has never asserted general jurisdiction as a basis for jurisdiction."  And, "Herring does not address AT&T Inc.'s general jurisdiction arguments here.")  Therefore, this Motion must be granted if Plaintiff fails to satisfy its burden of establishing specific personal jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.").

### B.   Plaintiff Has Failed to Meet Its Burden of Establishing Specific Jurisdiction over AT&T Inc.

The parties agree that the Ninth Circuit uses the following three-part test to determine whether specific jurisdiction may be applied to a particular defendant: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the

Gibson, Dunn &
Crutcher LLP

3

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (citing *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)).  "All of these requirements must be met for jurisdiction over the defendant to comply with due process."  *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).  Moreover, the first prong of the test is divided into two distinct concepts: "purposeful availment," which most often applies in contract cases, and "purposeful direction," which usually applies to tort cases.  *Schwarzenegger*, 374 F.3d at 802.  Here, Plaintiff does not satisfy either test.

### 1.   AT&T Inc. Has Not Purposefully Availed Itself of the Privilege of Doing Business in California.

A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.  By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).  In return for these "benefits and protections," a defendant must—as a quid pro quo—"submit to the burdens of litigation in that forum."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 (1985).

### a.   AT&T Inc. Did Not Engage in Any Conduct or Promote the Transaction of Business in California.

AT&T Inc. does not conduct or transact commercial business in California.  Plaintiff's arguments to the contrary rest on nonexistent or conclusory facts and must be rejected.

Plaintiff contends that AT&T Inc.'s business relationship with Herring dates back nearly ten years.  Opp. at 10.  However, the Complaint contains no such allegation, and this allegation is irrelevant to the causes of action advanced by

Gibson, Dunn &
Crutcher LLP

4

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Plaintiff.[2]  Plaintiff contends that AT&T Inc. sent its own mergers and acquisitions specialists to California to meet with Herring regarding a potential acquisition of an equity stake in Herring.  Opp. at 10-11.  Yet the Complaint contains no such allegations and no cause of action arising out of these supposed contacts.  These allegations are based on the declaration of Charles Herring submitted by Plaintiff in Opposition to this Motion and cannot be considered here.  While Plaintiff is legally permitted to respond to the evidence AT&T Inc. has submitted controverting Plaintiff's jurisdictional allegations, the contents of Plaintiff's affidavit may not go beyond that and add entirely new facts—and that is exactly what the Charles Herring declaration does.  *See Munns v. Clinton*, 822 F. Supp. 2d 1048, 1078-79 (E.D. Cal. 2011); *Regal Arts & Gifts, Inc. v. Fusion Prods. Ltd.*, 2016 WL 454116, at *5 (N.D. Cal. Feb. 5, 2016) (disregarding facts asserted for the first time in opposition, because "[f]acts not contained in the operative complaint . . . cannot be considered on a motion to dismiss").  Plaintiff also contends that AT&T Inc. instructed and authorized Slator and Cicconi to promise Herring distribution on DirecTV in exchange for Herring's support of the DirecTV acquisition.  Opp. at 11.  However, Mr. Cicconi is not, and never has been, an employee of AT&T Inc.  He is employed by AT&T Services, Inc. and is based in Washington, D.C.  *See* Koch Decl. ¶ 18; Cicconi Decl. ¶ 2.  More importantly, the Complaint only alleges two contacts between Herring and Mr. Cicconi, neither of which is alleged to have taken place in California.  Complaint ¶¶ 72-75.  Likewise, Mr. Slator was an employee of AT&T Services, Inc., not AT&T Inc., and the Complaint does not allege otherwise.  Koch Decl. ¶ 19.  Moreover, Plaintiff nowhere alleges that AT&T Inc. issued these alleged instructions in California.

---

[2]  Further, plaintiff fails to note that its business relationship has only been with AT&T Services, not AT&T Inc.

Gibson, Dunn & Crutcher LLP

Plaintiff additionally contends that by authorizing and ratifying the alleged promise to carry Herring on DirecTV if the merger was approved, AT&T Inc. "could expect to be subject to the jurisdiction of California courts." Opp. at 11. But this contention is not based on any allegation in the Complaint, and it has no legal basis. Supreme Court precedent "require[s] 'something more' than mere foreseeability in order to justify the assertion of personal jurisdiction" over a nonresident. *Schwarzenegger*, 374 F.3d at 802 (construing *Calder v. Jones*, 465 U.S. 783 (1984)); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (there must be "'something' more than just a foreseeable effect to conclude that personal jurisdiction is proper") (citation omitted).

Plaintiff relies on *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1320 (9th Cir. 1998); and *Solar Gear Inc. v. Sunglass Hut Int'l Inc.*, 1994 WL 587237, at *3 (N.D. Cal. May 24, 1994), to support the assertion that AT&T Inc. has purposefully availed itself of the privilege of doing business in California. Plaintiff's reliance on these cases is misplaced. In *Peterson*, the Ninth Circuit found jurisdiction because plaintiff presented documents giving rise to a "strong inference" that defendant engaged in negotiations with forum residents, and as part of those negotiations, "probably" wrote letters, "probably" made telephone calls to resident offices, "quite possibly" traveled to the forum, and "may" have contracted with forum residents. *Peterson*, 140 F.3d at 1320. Those facts are not alleged here. Plaintiff has not offered any examples of AT&T Inc. or its employees engaging in any similar actions—because Plaintiff cannot. AT&T Inc. is a holding company, does not have any employees, and does not engage in any commercial business with the public. *See* Koch Decl. ¶¶ 5-14.

Likewise, in *Solar Gear*, the court found jurisdiction after plaintiff submitted evidence that: (1) the parent company distributed the subsidiary's product in California; (2) customer receipts from retail stores in California contained the parent

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

company's name; (3) an advertising brochure for the products aimed at California contained the parent company's name and an 800 number to call for information on the nearest store; and (4) business cards distributed in California had the parent company's name along with a California telephone number. *Id.* at 2-3. Again, those facts are not alleged here.

In sum, AT&T Inc. is not a party to any prior or existing contract with Herring. It never entered into any negotiations, made any promises, or entered into any transactions with Herring in California. Because AT&T Inc. took *no* "actions in the forum, such as executing or performing a contract there," it did not purposely avail itself of that forum. *See Schwarzenegger*, 374 F.3d at 802.

### b. The Koch Declaration Controverts the Complaint's Jurisdictional Analysis.

Plaintiff contends that the Koch declaration does not controvert key jurisdictional allegations in the Complaint. Opp. at 12. Plaintiff is wrong for two reasons. First, the allegations Plaintiff argues are the key jurisdictional allegations do not support Plaintiff's assertion that jurisdiction is appropriate. For example, Plaintiff claims that the Koch declaration does not refute that Randall Stephenson serves as the CEO and Chairman of the Board of Directors of AT&T Inc. or that John Stankey and Lori Lee were/are officers of AT&T Inc. Opp. at 12. However, AT&T Inc. does not need to refute these allegations. The Complaint contains no allegations that tie Stephenson, Stankey, or Lee to California.

Second, Plaintiff contends that there are conflicts between the Koch declaration and other evidence that must be resolved in its favor. Opp. at 12-13. Specifically, Plaintiff contends that James Cicconi's Executive Bio on AT&T's website suggests that he is an employee of AT&T Inc. Plaintiff also argues that an AT&T representative, Kalpesh Patel, held himself as an employee of AT&T Inc. because his email signature and business card from December 2013/January 2014 suggested that

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

he worked in Corporate Development at AT&T Inc.  However, as the declarations of Messrs. Cicconi and Patel submitted herewith confirm, they are not, and have never been, employees of AT&T Inc., and the listings of them otherwise were made in error and have since been corrected.  *See* Cicconi Decl. ¶ 2; Patel Decl. ¶¶ 2-3.

Moreover, even if Mr. Cicconi had been an employee of AT&T Inc., the alleged meetings between Mr. Cicconi and Mr. Herring occurred outside of California. Complaint ¶¶ 72-73.  Specifically, Mr. Herring asserts that he met with Mr. Cicconi on October 13, 2014, in Washington, D.C., regarding actions Herring was taking in Washington.  That does not justify exercise of personal jurisdiction over AT&T Inc. in California.  Indeed, the Complaint contains no allegations that tie Mr. Cicconi's activities to California that could be used to justify jurisdiction over AT&T Inc. in California.

Likewise, even if Mr. Patel had been an employee of AT&T Inc., a single meeting between Mr. Patel and Charles Herring that occurred in January 2014 regarding the "Put Right Deal" is not the substantial forum-related activity that is required to invoke personal jurisdiction.  "The bare existence of minimum contacts is not sufficient to allow a court to exercise personal jurisdiction over a defendant." *Unocal*, 248 F.3d at 924.  Moreover, the subject matter of the meeting between Mr. Patel and Mr. Herring—the potential purchase of an equity interest in Herring in connection with a Put Right Agreement to which AT&T Inc. was not even a party—is not the basis for the claims upon which Plaintiff is suing.  Further, this meeting occurred several months before the entry of the 2014 Carriage Agreement with AT&T Services (again not AT&T Inc.) that is the basis of Plaintiff's Fraud Claims (and even longer before the supposed oral contract that is the basis of Plaintiff's Lobbying

8

Gibson, Dunn &
Crutcher LLP

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Claims).[3]  In other words, Plaintiff is invoking a meeting that had no direct connection to its claims in this case as justification for exercising jurisdiction over AT&T Inc.  The majority of Mr. Herring's declaration is similar, asserting contacts with people he contends are associated with AT&T in connection with the supposed discussions about a "Put Right Deal" that are not the basis of Plaintiff's Complaint and are therefore irrelevant for specific jurisdiction purposes.  That declaration amounts to an attempt at *general* jurisdiction, not specific jurisdiction; and Plaintiff expressly disclaims any intent to invoke general jurisdiction.  In any event, Plaintiff never alleges that AT&T Inc., as opposed to AT&T Services, would even have been the party involved in the supposed "Put Right Deal."  At no time does Plaintiff allege that AT&T Inc. itself made any promises to it or entered into any transactions with it.

### c.    AT&T Services, Inc.'s Conduct May Not Be Imputed to AT&T Inc.

Plaintiff argues that even if AT&T Inc. itself did not engage in the alleged wrongful conduct at issue, jurisdiction over AT&T Inc. is appropriate under the "agency" test.  Specifically, Plaintiff argues that under California agency law, the conduct of the employees of AT&T Services, Inc., a subsidiary of AT&T Inc., can be attributed to AT&T Inc. to invoke personal jurisdiction.  Additionally, Plaintiff argues

---

[3]  Plaintiff has submitted declarations from Charles Herring and Amnon Siegel in Opposition to AT&T Inc.'s Motion to Dismiss.  However, these declarations contain information that is not relevant to this Motion and that fail to controvert evidence AT&T Inc. has submitted.  In his declaration, Mr. Herring refers to a meeting he had with Mr. Patel and Michael Janovec in January 2014 to discuss the "Put Right Deal" that never materialized and is not what Plaintiff is suing about. Further, Tom Koch's declaration submitted with this Reply confirms that Mr. Janovec was never an employee of AT&T Inc.  And, Mr. Patel's declaration confirms that he was never an employee of AT&T Inc.  *See* Supplemental Declaration of Thomas Koch ¶ 4 and Patel Decl. ¶¶ 2-3.  In addition, AT&T Inc. makes additional objections to the Declarations of Charles Herring and Amnon Siegel, and certain exhibits attached to Mr. Siegel's Declaration, in its Objections to the Declarations of Charles Herring and Amnon Siegel in Opposition To AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction.

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

that the contacts of AT&T Services, Inc. in the forum should be attributed to AT&T Inc. to invoke jurisdiction under the federal agency test. Plaintiff is wrong.

### i. There Is No Basis for Jurisdiction Over AT&T Inc. Under California Agency Law.

Plaintiff contends that the contacts of Slator and Cicconi (AT&T Services, Inc.'s employees) with the Plaintiff are sufficient to confer specific personal jurisdiction over AT&T Inc. because Slator and Cicconi allegedly acted under AT&T Inc.'s authority as its agents. Opp. 14-15. Plaintiff, however, cites no authority wherein California agency law has been used to invoke specific personal jurisdiction against an out-of-state corporate defendant.

For example, Plaintiff relies on *Penthouse Int.'l Ltd. v. Barnes*, 792 F.2d 943, 947-48 (9th Cir. 1986). However, that case deals with general agency principles and has nothing to do with personal jurisdiction. Moreover, the facts of the case are easily distinguishable. In *Penthouse*, the court found that a freelance photographer had implied authority to add the handwritten term "AKA" to modify the magazine's model release contract, where the photographer had previously placed the term on other contracts with no objection from the magazine, and internal memoranda of the magazine reflected an understanding regarding the modification.

The same is true with respect to the other three cases Plaintiff relies upon. None of those cases address personal jurisdiction or involve facts even remotely similar to this case. *See In re Nelson* 761 F.2d 1320, 1323 (9th Cir. 1985) (a spouse could act as the agent of another spouse and convey community real property—"when one spouse permits the other to conduct the transaction, both have a general knowledge of the transaction, and both are ready to accept the benefits which may come from it."); *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480-481 (9th Cir. 2000) (truck drivers had ostensible authority to sign waivers allocating liability for freight charges on behalf of a trucking company); and *Eddy v. Amusement Co.*, 21 Cal.

10

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

App. 487 (1913) (the director-general of a circus company, who employed a performer for one season, had ostensible authority to re-employ him for next season).

Thus, Plaintiff has failed to submit any law or facts to support asserting personal jurisdiction over AT&T Inc. based on California agency law.

### ii. There Is No Basis for Jurisdiction Under Federal Agency Law.

Herring's theory of federal agency law likewise fails.  It is well settled that the mere existence of a parent-subsidiary relationship is insufficient to confer personal jurisdiction over the parent based on the subsidiary's forum contacts.  *Unocal Corp.*, 248 F.3d at 925.  "[A] parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status[.]'"  *Id.* at 926 (quoting *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)).  "Appropriate parental involvement includes: 'monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures [.]'"  *Id.* (quoting *Bestfoods*, 524 U.S. at 72).  In order "to put the subsidiary in an agency relationship with the parent, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's *day-to-day* operations in carrying out that policy."  *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 542 (2000) (emphasis in original).  *See also F. Hoffman-La Roche, Inc. v. Superior Court*, 130 Cal. App. 4th 782, 797 (2005).

Thus, in *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980), the following facts were *insufficient* to impute a subsidiary's conduct to its parent under the agency theory: (1) both entities shared some common officers and directors; (2) the parent "had general executive responsibility for the operation of [the subsidiary], and reviewed and approved its major policy decisions"; and (3) the parent had approved the marketing scheme at issue in the action.  *See also Alphin v. Peter K.*

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

*Fitness, LLC*, 2014 WL 6997653, at *5 (N.D. Cal. Dec. 11, 2014) ("[T]his Circuit has held that a parent company who shares board members with its subsidiary *and* exercises general executive responsibility over the operations of the subsidiary, including review and approval of major policy decisions, is not subject to jurisdiction based on the subsidiary's contacts with the forum.") (citing *Kramer*, 628 F.2d at 1177). Herring's assertion that AT&T Inc. "authoriz[ed] and ratif[ied]" the promise to Herring to carry its networks on DirecTV in exchange for Herring's support of the DirecTV acquisition is indistinguishable from the allegation in *Kramer* that the foreign parent "approved the [subsidiary's] proposal" that was challenged by the lawsuit. *Kramer*, 628 F.2d at 1177; Opp. at 11.  As in *Kramer*, that assertion is inadequate.  The Complaint fails to make the necessary allegations of day-to-day control by AT&T Inc. over AT&T Services, Inc.

Plaintiff relies upon *Unocal*, 248 F.3d 915, for the proposition that the agency test requires a "showing that the subsidiary…performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services."  Opp. at 15 citing *Unocal*, 248 F.3d at 928.  But this was a general jurisdiction argument and was explicitly rejected by the United States Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746, 759-60 (2014).  As the *Daimler* Court explained, "th[is] inquiry into importance stacks the deck, for it will always yield a pro-jurisdiction answer:  Anything a corporation does through an independent contractor, subsidiary, or distributor is presumably something that the corporation would do 'by other means' if the independent contractor, subsidiary, or distributor did not exist."  *Id.* (internal quotation and citation omitted).

The other cases cited by Plaintiff support AT&T Inc.'s position.  *See NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 1186548, at *12 (D. Nev. Mar. 16, 2015) (sufficient agency relationship existed because there was no corporate

12

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

separateness—one company controlled the other by, *inter alia*, "prohibiting it from conducting business with other clients[,] directing its daily business activities," signing employment contracts, and providing business directions); *Bates v. Bankers Life and Cas. Co.*, 993 F. Supp. 2d 1318, 1335-36 (D. Or. 2014) (no agency theory needed; parent company played a "direct role" in some of the conduct plaintiffs complained about, "including by reviewing and processing claims filed by Bankers' insureds . . . and by expressly instructing Bankers to deny or delay payment of benefits on legitimate claims . . . ."); *Modesto City Schs. v. Riso Kagaku Corp.*, 157 F.Supp.2d 1128, 1135 (E.D. Cal. 2001) (agency relationship existed because the subsidiary acted as sole conduit for marketing and selling parent's products in the United States )[4]; *ACORN v. Household Int'I, Inc.*, 211 F. Supp. 2d 1160, 1166-67 (N.D. Cal. 2002) (company subject to personal jurisdiction through contacts of its subsidiary agent because of "overlapping boards, collaborative marketing efforts, and unitary self-image"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 344 F. Supp. 2d 686, 692-95 (W.D. Wash. 2003) (parent company subject to personal jurisdiction where parent's board was responsible for organization, administration, and direction of subsidiary and determined its strategy, parent's chief financial officer served on subsidiary's board, subsidiary needed parent's authorization with respect to basic decisions and activities, parent owned nearly every patent and trademark of subsidiary's products sold in United States, and parent controlled greater than 90 percent of subsidiary's voting rights).  These cases demonstrate that Herring's allegations fall far short of the necessary allegations to support personal jurisdiction based on an agency theory.

---

[4] In *Modesto City Schs.*, 157 F. Supp. 2d 1128, the court utilized the same general agency test used in *Unocal*, 248 F.3d at 928, to find general jurisdiction. *Modesto* was decided before the Supreme Court's ruling in *Daimler*, and its holding would be rejected under *Daimler* for the same reason that *Daimler* rejected *Unocal*'s general jurisdiction test.

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

## 2.   AT&T Inc. Did Not Purposefully Direct Any Act to California

The "purposeful direction" test is evaluated under the three-part effects test arising from *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. To satisfy that test, a defendant must have (1) committed an intentional act, (2) which was expressly aimed at the forum state, and (3) which caused harm that the defendant knew was likely to be suffered in the forum state. *Id.* (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The Supreme Court has held that the correct jurisdictional analysis focuses on (1) the defendant's contacts with the forum, not with the plaintiff, and (2) whether those contacts create "the relationship among the defendant, the forum, and the litigation" necessary to satisfy due process. *Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014). The Supreme Court further held that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125. Plaintiff cannot satisfy any of those three factors, and thus this Court lacks personal jurisdiction over AT&T Inc.

### a.   AT&T Inc. Did Not Engage in Any Relevant Intentional Conduct.

In an attempt to conjure up facts where none exist, Plaintiff argues that the "intentional act" prong of the purposeful direction test is satisfied by referring to facts that are <u>not</u> alleged in the Complaint and are deficient and conclusory.

First, Plaintiff argues that "The Complaint alleges that AT&T Inc. set company-wide corporate policies and practices. (Complaint, ¶ 10.) This includes corporate policies regarding carriage agreements and decisions to wind down portions of AT&T's business." Opp. at 17. But, nowhere in the Complaint does Plaintiff actually allege that AT&T Inc. set policies regarding carriage agreements or the decision to wind down any business. In fact, the Complaint is completely silent as to what these

14

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

alleged policies are, how or if AT&T Inc. ensures they are carried out, or how they affected the decision-making of AT&T Services, Inc.

Second, Plaintiff contends that AT&T Chairman and CEO Randall Stephenson "made false statements regarding AT&T's intent to expand U-verse. (*Id*, ¶ 33)." Opp. at 17. However, the Complaint does not allege that the Chairman had any contacts with California or Herring. Nor does the Complaint allege that the Chairman directed the statements at California with the knowledge that it would cause harm. Thus, even if true, the statements are not relevant for jurisdictional analysis.[5]

Third, Plaintiff contends that "AT&T Inc. authorized (and ultimately reneged on) Slator's promise that AT&T would exercise its 'Put Right' in exchange for a 5% equity stake in Herring. [Complaint ¶¶ 41-45, 55.]" However, paragraphs 41-45 and 55 of the Complaint do not contain any such allegation with respect to AT&T Inc. In fact, AT&T Inc. is scarcely referenced in those paragraphs. For instance, Plaintiff makes the conclusory allegation that "AT&T Services and AT&T Inc. worked hand-in-hand in offering and formulating AT&T's equity stake in Herring." Complaint ¶ 45.[6] Moreover, the "Put Right" is not the basis for the allegations in this case and is not challenged as wrongful. Accordingly, whether AT&T Inc. is connected to the potential Put Right held by an unidentified AT&T entity is irrelevant to whether specific jurisdiction exists here.

Fourth, Plaintiff contends that AT&T Inc. instructed Slator and Cicconi to promise Herring carriage on DirecTV and directed Cicconi's activities to promote the DirecTV acquisition. Opp. 17-18. But, AT&T Inc. never employed Slator or Cicconi; Defendant AT&T Services, Inc. employed them. Thus, AT&T Inc. cannot plausibly

---

[5] Indeed, if Plaintiff's argument was correct, then any generalized statement by a CEO—directed at no particular state—could serve as the basis for jurisdiction in all 50 states.

[6] And again, the alleged equity stake is not what Herring is suing about.

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

be held subject to jurisdiction in California based on the actions of a different company's employees. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (allegation is plausible only when it creates "reasonable inference that the defendant is **liable** for the misconduct alleged") (emphasis added). More importantly, the Complaint contains no allegation that ties these alleged instructions to California, other than the fact that Herring is a California corporation. As indicated above, however, the purposeful direction test focuses on the defendant's contacts with the *forum*, not with the plaintiff. *Walden*, 134 S. Ct. at 1126.

Finally, Plaintiff alleges that AT&T Inc. was responsible for "the acquisition of DirecTV." Opp. at 1, 18. This allegation suffers from the same flaw. Plaintiff has not alleged how AT&T Inc. targeted California by acquiring DirecTV or how the acquisition is a harmful "act" or "conduct" committed by AT&T Inc. and directed at California sufficient to confer personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 807.

In short, the Complaint does not allege any relevant, intentional "act" or "conduct" committed by AT&T Inc. which comes with the confines set forth in *Schwarzenegger*, 374 F.3d at 807.

### b.  AT&T Inc. Did Not "Expressly Aim" Any Intentional Conduct at California.

Second, to satisfy the purposeful direction test, Plaintiff must plead that AT&T Inc. committed some act that was expressly aimed at California. Plaintiff fails to do so. Two recent decisions from the United States Supreme Court and the Ninth Circuit are particularly on point.

The Supreme Court recently revisited the *Calder* test in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). Two Nevada residents sued a DEA agent in a Nevada court, based on a search the agent conducted in Georgia. The Supreme Court held that the Nevada court lacked jurisdiction over the agent. The agent's acts took place in Georgia, and

16

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

the agent's only connection to Nevada was the fact that the two individuals happened to reside in Nevada. As the Court held, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 1125. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 1122.

Similarly, in *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015), a California resident brought suit against a Michigan resident for making various threats to stop a business transaction. The Michigan resident engaged in no conduct in California. The Ninth Circuit, relying on *Walden*, held that Weston's out-of-state actions "did not connect him with California in a way sufficient to support the assertion of personal jurisdiction over him." *Id.* at 1215.

This case stands on all fours with *Walden* and *Picot*. As set forth in the declaration of Thomas Koch, AT&T Inc. is a holding company based in Texas. Koch Decl. ¶¶ 5-14. AT&T Inc. engages in no commercial activities in California. *See id.* AT&T Inc. has no officers or employees in California. *See id*. Thus, even if Plaintiff was correct that AT&T Inc. played some role by "ratifying false statements" or "directed Herring's activities in support of the [a]cquisition" (Opp. at 18-19), there is no evidence that these acts were "expressly aimed" at or targeted California. The mere fact that the actions involved Herring does not make them targeted at California.

Plaintiff ignores *Walden* and *Picot*, and instead relies on *Dole Food Co.*, 303 F.3d 1104, and *Metropolitan Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1065 (9th Cir. 1990). But those cases have no relevance here. First, both cases were decided before *Walden* and *Picot*. Second, both involve factual scenarios where the defendant directly targeted California, or expressly intended to interfere with business operations in California—which is not the case here.

*In Dole*, 303 F.3d 1104, defendants had frequent communication with the Dole corporation in California, including by telephone, fax, and mail, and traveled to

17

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

California for meetings with Dole in order to convince it to change its distribution system in furtherance of a fraudulent scheme. *Id.* at 1108-10. The Ninth Circuit found: "[b]ecause [defendants] knew that Dole's principal place of business was in California, knew that the decision makers for Dole were located in California, and communicated directly with those California decision makers, we conclude that their actions were 'expressly aimed' at the forum state." *Id.* at 1112. To the extent that *Dole* concluded that these interactions with the plaintiff could justify jurisdiction so long as the plaintiff resided in the forum state, it is irreconcilable with *Walden*, which confirms that the personal jurisdiction inquiry must focus on the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. In any event, this case does not fall within even the broad language from *Dole* because here AT&T Inc. had *no* direct communications with the plaintiff. In *Metropolitan Life*, the court held that an Alabama resident could be hauled into a California court on the basis of a letter she sent to an insurance company representing that she was entitled to an insurance payment that actually belonged to a California resident. The court found the exercise of jurisdiction appropriate because the defendant made false representations to the California office of a New York-based insurance company with the intent of having the California insurer issue benefits to the wrong beneficiary. 912 F. 2d at 1065.

Those cases are clearly distinguishable from this case. The Complaint does not make any uncontroverted allegations that AT&T Inc. had any direct and extensive communications with Herring or directly made any misrepresentations to Plaintiff.

### c. Plaintiff Fails to Allege that AT&T Inc. Knew Its Alleged Intentional Conduct Would Cause Harm in California.

Finally, Plaintiff must show that AT&T Inc. knew its intentional conduct likely would cause harm in California. It cannot. It is uncontroverted that AT&T Inc. is a holding company, and that as a holding company it does not engage in any commercial

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

business with the public.  Koch Decl. ¶¶ 5-14.   In particular, Plaintiff's Complaint does not contain a single uncontroverted allegation that AT&T Inc. engaged in any contacts or communications with Plaintiff.  *Id*. ¶¶ 15-22; *see also* Cicconi Decl. ¶ 2; Patel Decl. ¶¶ 2-3.  The Complaint does not plausibly allege that there have ever been any dealings between AT&T Inc. and Herring.

Plaintiff contends that AT&T Inc. knew that Herring would suffer harm in California because Herring is a California corporation.  *See* Opp. at 19.  This allegation is not in the Complaint.  Moreover, as set forth *infra*, the conduct that is at issue for jurisdictional purposes is the conduct that is aimed at the forum—not a particular person in the forum.  *Picot*, 780 F.3d at 1214; *Walden*, 134 S. Ct. at 1126.  Plaintiff also makes the conclusory assertion that "AT&T Inc. knew the harm caused by its misrepresentations, concealments and breach of the DirecTV promise would be suffered in California."  *See* Opp. at 19.  Again, this allegation is not in the Complaint.  Moreover, this is yet another example of the "naked assertions devoid of further factual enhancement" that the Supreme Court has declared impermissible.  *Iqbal*, 556 U.S. at 678 (quotation and citation omitted).  And to the extent that Plaintiff is simply alleging that any potential impact on California was foreseeable, and therefore, that AT&T Inc. must have known about it, the Supreme Court has made clear that merely being able to foresee harm is inadequate.  As the Supreme Court held in *Calder*, exercising personal jurisdiction over a non-resident defendant is proper when defendant's intentional conduct is "*calculated* to cause injury" in the forum state.  *Calder*, 465 U.S. at 791 (emphasis added).  However, the mere prospect of harm resulting in the forum is not enough.  *Cf. Schwarzenegger*, 374 F.3d at 807 ("The reporter and editor in *Calder* were not accused of 'untargeted negligence' that merely happened to cause harm" in California).  It is precisely for this reason that the court in *Schwarzenegger* held that the defendant's intentional act, which allegedly caused harm to plaintiff in California, was not enough to support a finding of personal jurisdiction

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

Gibson, Dunn &
Crutcher LLP

in that state, "for [defendant's] express aim was local" to defendant's own state of Ohio.  *Id.*

### 3.    Plaintiff's Claims Do Not Arise from Any California-Related Activity by AT&T Inc.

The second prong of the Ninth Circuit's specific jurisdiction test requires that the Plaintiff's claims arise out of the defendant's forum-related activity.  *Unocal*, 248 F.3d at 923.  Here, Plaintiff argues that AT&T Inc. purposefully directed its fraudulent conduct and contractual promises at a California-based corporation.  Opp. at 20. However, these allegations are based on a flawed and circular premise.

As explained in AT&T Inc.'s Opening Brief, AT&T Inc. did not make any representations or engage in any carriage discussions with Herring about U-verse or DirecTV because AT&T Inc. does not engage in the video carriage business.  In fact, AT&T Inc. does not engage in any commercial business with the public—it is a holding company.  Plaintiff's claims are based on the alleged wrongful conduct of AT&T Services, Inc., not AT&T Inc.

Plaintiff relies on *Launer v. Buena Vista Winery, Inc.*, 916 F. Supp. 204 (E.D.N.Y. 1996).  However, *Launer* is distinguishable.  In *Launer*, the defendants, a California winery and its parent company, hired the plaintiff, a New Jersey resident, to work as its sales agent in the New York area.  Plaintiff Launer maintained an office in New York City where he was regularly contacted by his employer.  *Id.* at 207.  Launer alleged that his employer made discriminatory remarks to him and faxed Launer a memo with allegedly discriminatory remarks to his office in New York City.  *Id.* at 207-09.  Plaintiff also presented evidence that his employer frequently called him in his office in New York.  In addition, Launer was fired in New York City.  *Id.*  The court ruled that those calls and faxes illustrated that the defendants deliberately availed themselves of New York law and that the exercise of jurisdiction over them thus comported with fair play and substantial justice.  *Id.* at 210.

20

Gibson, Dunn & Crutcher LLP

That is not the case here, where, as discussed, AT&T Inc. did not engage with Herring or have any employees engage with Herring in California.  The primary contacts that Plaintiff alleges and asserts in Mr. Herring's declaration, even if accepted at face value, involve the "Put Right" deal, and Plaintiff's claims do not arise out of discussions about the Put Right deal.  Thus, the Complaint and Plaintiff's Opposition fail to plausibly or factually allege any conduct by AT&T Inc. in California out of which Plaintiff's claims arose.

### 4.   The Assertion of Personal Jurisdiction over AT&T Inc. Would Be Unreasonable.

The final prong of the specific jurisdiction analysis concerns the reasonableness of exercising jurisdiction.  Plaintiff argues that AT&T Inc. cannot meet its burden "to present a 'compelling case' that jurisdiction is unreasonable."  Opp. at 21.  Contrary to Plaintiff's suggestion, a defendant's showing of unreasonableness must be compelling only after plaintiff has demonstrated a *prima facie* case of jurisdiction.  If a plaintiff does not meet its burden of proving that (1) the non-resident defendant purposefully availed itself of the privilege of conducting activities in the forum or purposefully directed its activities to the forum, thereby invoking the benefits and protections of its laws; and (2) the claim arises out of or results from the defendant's forum-related activities, then a court need not consider the reasonableness test.  *Schwarzenegger*, 374 F.3d at 802.  Here, Plaintiff has not met that burden.

Regardless, even assuming that Plaintiff could meet the first two prongs of the specific jurisdiction test, the assertion of personal jurisdiction over AT&T Inc. in California would be unreasonable and unnecessary.  The reasonableness determination requires the Court to consider the following factors: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most

21

Gibson, Dunn & Crutcher LLP

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss Complaint for Lack of Personal Jurisdiction Case No. 2:16-cv-01636-CAS-AGR

efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). The Court balances all seven factors, recognizing that no one factor is dispositive in and of itself. *Id.* "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 1488 (citation omitted). None of these requirements are met. As discussed above, AT&T Inc. did not engage in any California-related acts or purposefully direct any activities at California.

California does not have a strong interest in adjudicating claims over a defendant who has no contacts with California, particularly where an alternative forum is available, and where the true proper party, AT&T Services, Inc., is present in the forum and has already appeared in the action. Finally, Plaintiff has not set forth any facts indicating it is not able to bring an action against AT&T Inc. in Texas or Delaware. Herring's suggestion that personal jurisdiction over AT&T Inc. can never be unreasonable simply because AT&T is a large nationwide company (Opp. at 21) is unsupported by case law and would erase the requirement of personal jurisdiction for a significant body of defendants.

### C.   The Complaint Impermissibly Conflates AT&T Inc. and AT&T Services, Inc., Leaving AT&T Inc. Unable to Fully Address Plaintiff's Allegations for Purposes of Jurisdiction.

The Complaint repeatedly "lump[s] together" AT&T Inc. and AT&T Services, Inc., leaving AT&T Inc. "guessing" which claims apply to it. *Salazar v. Cnty. of Orange*, 564 F. App'x 322, 322-23 (9th Cir. 2014) (unpublished opinion) (granting motion to dismiss due to inability to separate which claims were asserted against which particular defendants); *Destfino v. Reiswig,* 630 F.3d 952, 958-59 (9th Cir. 2011). And in "lump[ing] together" the AT&T Inc. and AT&T Services, Inc., the Complaint becomes misleading.

Plaintiff offers three contrary arguments, but none has merit.  First, Plaintiff argues that AT&T Services, Inc. is a subsidiary of AT&T Inc., and AT&T entities often refer to themselves colloquially as simply "AT&T." Opp. at 22.  Of course they do, as does any other company in its informal, colloquial, or consumer-facing communications.  But when it comes to *legally operative documents* that discuss numerous distinct defendants, such as the Complaint, principles of due process require specificity, not colloquialisms and informalities.  *Destfino*, 630 F.3d at 958-59.

*Second*, Plaintiff suggests that referring to AT&T Inc. "over 30 times" illustrates that its Complaint is clear enough. Opp. at 22-23.  More relevant, however, is the number of times the Complaint vaguely refers to "AT&T" with nothing more.  *Nearly 70%* of the Complaint's 127 paragraphs (88 out of 127) include at least one reference to "AT&T" with nothing more.  Adding up all such references, the Complaint vaguely mentions "AT&T" (without more) *nearly 300 times*.  AT&T Inc. should not be forced to guess nearly 300 times whether an allegation refers to it.  *See Destfino*, 630 F.3d at 958-59; *Salazar*, 564 F. App'x at 322-23.

*Third*, Plaintiff argues that the cases AT&T Inc. cites are inapposite for the sole reason that they do not "deal[] with personal jurisdiction." Opp. at 23.  But Plaintiff does not explain why that purported distinction would matter; what matters is whether a defendant can understand the allegations brought against it.  *Salazar*, 564 F. App'x at 322.  Plaintiff has offered no cases suggesting that a different rule applies when the allegations go to jurisdiction rather than merits.  In fact, Plaintiff has not offered a *single* case that supports its view that constantly conflating the distinct AT&T entities is permissible.

### D.     Plaintiff Is Not Entitled to Jurisdictional Discovery.

Plaintiff requests an opportunity to conduct jurisdictional discovery if the Court is inclined to grant this Motion. Opp. 23-24. The request should be denied. District courts have discretion to allow a plaintiff to conduct jurisdictional discovery. *Wells*

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR

*Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Generally, jurisdictional discovery is appropriate where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). However, "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . .'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted). In other words, even limited discovery should not be permitted to conduct a "fishing expedition." *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

"Although there is no definitive Ninth Circuit authority specifically addressing the level of showing that a plaintiff must make to be entitled to jurisdictional discovery, district courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered." *Martinez v. Manheim Cent. Cal.*, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) (quoting *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)). Here, Plaintiff has made no colorable showing that personal jurisdiction over AT&T Inc. is appropriate. None of the discovery Plaintiff proposes could establish the requisite relationship between suit-related conduct and AT&T Inc. to support specific jurisdiction. Jurisdictional discovery would be a waste of resources and a classic fishing expedition.

Thus, Plaintiff has failed to meet its burden of establishing personal jurisdiction over AT&T Inc. and cannot reasonably "'demonstrate[] that it can supplement its jurisdictional allegations through discovery.'" *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (citation omitted). Plaintiff's request should be denied.

## IV.    CONCLUSION

For the reasons set forth above and in its moving papers, Defendant AT&T Inc., which is appearing specially, respectfully requests that this Court grant its Motion for

24

Gibson, Dunn & Crutcher LLP

AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss Complaint for Lack of Personal Jurisdiction Case No. 2:16-cv-01636-CAS-AGR

Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  If this Motion is denied, then AT&T Inc. joins in the Rule 12(b)(6) Motion filed by AT&T Services, Inc.

Dated: June 13, 2016

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Marcellus McRae*
      Marcellus McRae, SBN 140308

Attorney for Defendants
AT&T Services, Inc. and AT&T Inc.,
Appearing Specially

Gibson, Dunn &
Crutcher LLP

25
AT&T Inc.'s Reply Memorandum in Support of Motion to Dismiss
Complaint for Lack of Personal Jurisdiction
Case No. 2:16-cv-01636-CAS-AGR