1  MARCELLUS MCRAE, SBN 140308
     mmcrae@gibsondunn.com
2  JAMES ZELENAY, SBN 237339
     jzelenay@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071
   Telephone: 213.229.7000
5  Facsimile:  213.229.7520

6
   JAMES C. HO (*pro hac vice* admitted)
7    jho@gibsondunn.com
   ASHLEY E. JOHNSON (*pro hac vice* admitted)
8    ajohnson@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
9  2100 McKinney Avenue
   Dallas, TX 75201
10 Telephone: 214.698.3100
   Facsimile:  214.571.2900
11
   Attorneys for Defendants
12 AT&T Services, Inc. and AT&T Inc.,
   Appearing Specially

13

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16

| 17 | Herring Networks, Inc., | Case No. 2:16-cv-01636 |
|---|---|---|
| 18 | Plaintiff, | **AT&T INC.'S OBJECTIONS TO THE DECLARATIONS OF CHARLES HERRING AND AMNON SIEGEL IN OPPOSITION TO AT&T INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |
| 19 | v. | |
| 20 | AT&T Inc. a Delaware corporation; and AT&T Services, Inc., a Delaware corporation, | |
| 21 | | |
| 22 | Defendants. | |
| 23 | | **Hearing:** |
| 24 | | Date:   June 27, 2016<br>Time:   10:00 a.m.<br>Place:  Courtroom No. 5<br>Judge:  Hon. Christina Snyder |
| 25 | | |

26

27

28

AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

**OBJECTIONS TO THE DECLARATIONS OF HERRING AND SIEGEL**

AT&T Inc. appears specially and respectfully objects to the Declaration of Charles Herring ("Herring Declaration") (Doc. 35) and the Declaration of Amnon Siegel ("Siegel Declaration") (Doc. 34), filed in opposition to AT&T Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction.  AT&T Inc. hereby requests a ruling from the Court on the following Objections:

| EVIDENCE[1] | OBJECTIONS | RULING |
|---|---|---|
| Herring Decl. ¶¶ 3 (12–16), 6 (7–9), 7 (16), 8 (page 3, 1), 9 (7), 10 (16, 20) | General references to "AT&T" are vague and ambiguous as to which AT&T entity is being described and constitutes an improper failure to distinguish between defendants "when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  See *Marble Bridge Funding Grp., Inc. v. Liquid Capital Exch., Inc.*, No. 5:15-cv-00177-EJD, 2015 WL 5654844, at *2 (N.D. Cal. Sept. 25, 2015) (allegation is inadequate where plaintiff did not distinguish between "the | Ruling on the Objection Sustained:_____ Overruled:_____ _____ Judge |

---

[1]  Citations to specific line numbers within paragraphs are listed in parentheses.

1
AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | | | |
|---|---|---|---|
| | Canadian franchisor and . . . the Colorado franchisee"); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) (dismissing Complaint that fails to differentiate among "five legally separate and distinct, albeit related, corporate entities," where "factual allegations differentiating among these five entities are scant"); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.,* 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015). | | |
| Herring Decl. ¶¶ 3–7, 8 (20–28) | Relevance (Fed. R. Evid. 401, 402) Relevant evidence is defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Testimony regarding the supposed "Put | Ruling on the Objection Sustained:_____ Overruled:_____  _____ Judge | |

2
AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| | Right Deal" is irrelevant for purposes of the instant Motion to Dismiss. First, even if the alleged "Put Right Deal" were forum-related activity, which it is not, the Complaint contains no allegations of wrongdoing or relief sought relative to this alleged deal. Second, allegations regarding the "Put Right Deal" pre-date the Fraud and Lobbying Claims in the Complaint. Finally, Plaintiff does not allege that AT&T Inc. was a party to the "Put Right Agreement" with DirecTV, and, indeed, it was not a party to that agreement. | |
| Herring Decl. ¶¶ 4–6 | Relevance (Fed. R. Evid. 401, 402) This testimony is not relevant. Fed. R. Evid. 401, 402. In addition, parties submitting evidence in opposition to motions to dismiss are confined to allegations raised in the operative pleadings. *See Munns v. Clinton*, | Ruling on the Objection Sustained:_____ Overruled:_____ _____ Judge |

3

AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| | 822 F. Supp. 2d 1048, 1078–79 (E.D. Cal. 2011); *Regal Arts & Gifts, Inc. v. Fusion Prods. Ltd.*, No. 15-cv-04363-KAW, 2016 WL 454116, at *5 (N.D. Cal. Feb. 5, 2016) (disregarding facts asserted for the first time in opposition, because "[f]acts not contained in the operative complaint . . . cannot be considered on a motion to dismiss").  Testimony in paragraphs 4–6 of the Herring Declaration exceeds the scope of allegations within the Complaint, and is therefore irrelevant and cannot be considered for purposes of deciding AT&T Inc.'s Motion. | |
| Herring Decl. ¶ 8 (22–26) | Lack of Personal Knowledge (Fed. R. Evid. 602) "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  The statements | Ruling on the Objection<br>Sustained:_____<br>Overruled:_____<br><br>_____<br>Judge |

4
AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | | | |
|---|---|---|---|
| | | attributable to Mr. Slator regarding what Mr. Stephenson was thinking are impermissible lay testimony, lack foundation, are not based on personal knowledge, and call for speculation. | |
| | Siegel Decl. Exhibit 2 | Relevance (Fed. R. Evid. 401, 402) Exhibit 2 is not relevant to the instant Motion because the reporting of consolidated financial results does not provide a basis to exercise personal jurisdiction over AT&T Inc. | Ruling on the Objection Sustained:_____ Overruled:_____ _____ Judge |
| | Siegel Decl. Exhibits 4 & 5 | Hearsay (Fed. R. Evid. 801) "Hearsay" is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801. Hearsay is not admissible as evidence, unless an exception or an exemption applies.  Fed. R. Evid. 802.   The Siegel | Ruling on the Objection Sustained:_____ Overruled:_____ _____ Judge |

5
AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| | Declaration refers to articles, appended as Exhibits 4 and 5, for the truth of the matters asserted therein, but these articles are not written by, and cannot be attributable to, AT&T Inc.  As such, they are hearsay without any exception. | |
| | Authentication (Fed. R. Evid. 901(a)) | |
| | Additionally, Exhibits 4 and 5 have not been authenticated. Authentication is a condition precedent to admissibility, and this condition is satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  No evidence has been proffered to authenticate Exhibits 4 and 5, and thus they are not admissible. | |
| | Relevance (Fed. R. Evid. 401, 402) | |

6

AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| | Additionally, Exhibits 4 and 5 are not relevant. Exhibit 4 is dated Feb 1, 2009. And Exhibit 5 is dated March 19, 2011. Neither Exhibit is relevant evidence because each falls outside the time period of the alleged conduct that forms the basis of Plaintiff's claims. |

Dated: June 13, 2016

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Marcellus McRae*
        Marcellus McRae

Attorney for Defendants
AT&T Services, Inc. and AT&T Inc.,
Appearing Specially

7
AT&T Inc.'s Objections To the Declarations of Charles Herring and Amnon Siegel In Opposition To AT&T Inc.'s Motion To Dismiss Complaint For Lack of Personal Jurisdiction
Case No. 2:16-cv-01636

Gibson, Dunn & Crutcher LLP