MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
JAMES L. ZELENAY, JR., SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JAMES C. HO (*pro hac vice* admitted)
  jho@gibsondunn.com
ASHLEY E. JOHNSON (*pro hac vice* admitted)
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX  75201
Telephone:  214.698.3100
Facsimile:   214.571.2900

Attorneys for Defendants
AT&T Services, Inc. and AT&T Inc.,
Appearing Specially

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AT&T SERVICES, INC., a Delaware corporation; and AT&T INC., a Delaware corporation,<br><br>　　　　　　Defendants. | CASE NO. 16-cv-01636-CAS-AGR<br><br>**RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE RESPONSE TO NEW EVIDENCE SUBMITTED BY AT&T INC. WITH ITS REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**Hearing:**<br>Date:　　June 27, 2016<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 5<br>Judge:　　Hon. Christina A. Snyder |

Gibson, Dunn & Crutcher LLP

AT&T Inc.'s Response to Plaintiff's Request for Leave to File Response to New Evidence Submitted by AT&T Inc. With Its Reply In Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Case No. 16-cv-01636-CAS-AGR

Plaintiff's Request for Leave attempts to circumvent this Court's rules to get the last word on AT&T Inc.'s motion. The Central District of California's local rules clearly state that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Local Rule § 7-10. Yet Plaintiff's Request for Leave defies this Rule, consisting not only of the request for leave, but also the surreply itself, filed without prior order of the Court. For that reason, it should be disregarded.

The arguments Plaintiff offers are unpersuasive in any event. Plaintiff suggests that it would be "unfair[]" for AT&T Inc. to have the last word on reply in support of its own motion. Surreply at 1. Although Plaintiff seems to contend that justice requires a surreply anytime evidence is submitted with the reply, the Local Rules explicitly contemplate that the reply in support of a motion may include "declarations or other rebuttal evidence." Local Rule § 7-10. AT&T Inc.'s brief declarations submitted in reply are proper rebuttal evidence, directly rebutting the declarations Plaintiff submitted in its Opposition brief.

The rebuttal nature of AT&T Inc.'s evidence is confirmed by the fact that Plaintiff's surreply contains only material that could have been—and in many cases was—included in its Opposition. For example, Plaintiff again asserts, as it did in its Opposition, that several individuals with no connection to this case or to California are officers of AT&T Inc. Surreply at 1. But this Court does not acquire specific jurisdiction over AT&T Inc. on the basis of AT&T Inc. having alleged officers that reside in other jurisdictions and who had no contact with this jurisdiction. *See* AT&T Inc. Reply at 7-8. Certainly, the allegation that Mr. Herring met with James Cicconi (who is not an AT&T, Inc. officer or employee) *in Washington, D.C.* is not a basis for this Court to exercise jurisdiction over AT&T, Inc. *in California*. *Id*.

Similarly, rather than responding to AT&T Inc.'s proper rebuttal evidence, which explained that Kalpesh Patel was not an employee of AT&T Inc., Plaintiff simply reasserts that it erroneously believed that Mr. Patel worked for AT&T Inc.

Gibson, Dunn & Crutcher LLP

1

AT&T Inc.'s Response to Plaintiff's Request for Leave to File Response to New Evidence Submitted by AT&T Inc. With Its Reply In Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Case No. 16-cv-01636-CAS-AGR

Surreply at 2.  Yet Plaintiff fails to mention the fact that its only allegation surrounding Mr. Patel—which does not appear in the Complaint—is that he came to California to discuss the supposed "Put Right" deal.  *See* AT&T Inc. Reply at 8-9.  Plaintiff fails to dispute that the Put Right deal is not the basis of this lawsuit, and thus cannot be the basis for asserting *specific* jurisdiction over AT&T Inc.  *Id.*

Finally, Plaintiff's closing assertion that from its perspective it was "doing business with AT&T Inc.," is belied by the allegations of the Complaint itself.  AT&T Services, Inc. is the company that Plaintiff has historically contracted with (including the 2014 Carriage Agreement), not AT&T Inc.  And the alleged promise to carry Herring's programming on DirecTV was purportedly made by Aaron Slator, an employee of AT&T Services, Inc.  Plaintiff has not, and cannot, plausibly contend that it believed AT&T Inc. in fact was the party it contracted with in the past and was the party it was negotiating with for carriage in the future.  AT&T Services, Inc. is the only proper party defendant in this case.  Plaintiff's insistence that the passive holding company, AT&T Inc., also be included in the litigation is without merit.  Plaintiff's request for leave should be denied and its Complaint against AT&T Inc. dismissed for lack of personal jurisdiction.

Dated:  June 20, 2016

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Marcellus McRae*
   Marcellus McRae, SBN 140308

Attorney for Defendants
AT&T Services, Inc. and AT&T Inc.,
Appearing Specially

2
AT&T Inc.'s Response to Plaintiff's Request for Leave to File Response to New Evidence Submitted by AT&T Inc. With Its Reply In Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Case No. 16-cv-01636-CAS-AGR

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

I, James L. Zelenay, Jr., declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071, in said County and State. On June 13, 2016, I served the following document(s):

**RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE RESPONSE TO NEW EVIDENCE SUBMITTED BY AT&T INC. WITH ITS REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

on the parties stated below, by the following means of service:

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format of the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2016.

/s/ James L. Zelenay, Jr.
James L. Zelenay, Jr.

SERVED ON:

Louis R. Miller
Amnon Z. Siegel
Jesse Bolling
All of Miller Barondess, LLP

Gibson, Dunn & Crutcher LLP

3

AT&T Inc.'s Response to Plaintiff's Request for Leave to File Response to New Evidence Submitted by AT&T Inc. With Its Reply In Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Case No. 16-cv-01636-CAS-AGR