MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
JAMES L. ZELENAY, JR., SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JAMES C. HO (*pro hac vice* admitted)
  jho@gibsondunn.com
ASHLEY E. JOHNSON (*pro hac vice* admitted)
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX  75201
Telephone:  214.698.3100

Attorneys for Defendants
AT&T Services, Inc. and AT&T Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>AT&T SERVICES, INC., a Delaware corporation; and AT&T INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO. 16-cv-01636-CAS-AGR<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>ACTION FILED:      March 9, 2016<br><br>JUDGE:  Hon. Christina A. Snyder |

Defendants AT&T Inc. and AT&T Services, Inc. (collectively, "Defendants") hereby provide their First Amended Answer to Plaintiff Herring Networks, Inc.'s ("Plaintiff") Complaint, as provided for under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, and answer as follows:

1.     Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff alleges there are two aspects to this case.  Defendants deny the remainder of the allegations in Paragraph 1 of the Complaint.

2.     Answering Paragraph 2 of the Complaint, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Answering Paragraph 3 of the Complaint, Defendants deny the allegations in Paragraph 3 of the Complaint.

4.     Answering Paragraph 4 of the Complaint, Defendants admit that following the acquisition of DirecTV, AT&T entities cumulatively became the largest pay TV provider in the United States.  Defendants deny the remainder of the allegations in Paragraph 4 of the Complaint, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.  Defendants otherwise deny the allegations in Paragraph 4.

5.     Answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff associates its First, Second, Third, and Fourth Causes of Action with Plaintiff's allegations regarding the U-verse channel carriage contract.  Defendants deny the remainder of the allegations in Paragraph 5 of the Complaint.

6.     Answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff associates its Fifth, Sixth, and Seventh Causes of Action with Plaintiff's allegations regarding a purported agreement to lobby in support of the DirecTV acquisition. Defendants deny the remainder of the allegations in Paragraph 6 of the Complaint.

7.     Answering Paragraph 7 of the Complaint, Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Answering Paragraph 8 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis deny them.

9.      Answering Paragraph 9 of the Complaint, Defendants admit they are Delaware corporations with their principal places of business in Dallas, Texas and that AT&T Services, Inc. is the lessee with respect to property in Los Angeles, California. Defendants deny the remainder of the allegations in Paragraph 9 of the Complaint, including on the grounds that they are vague and ambiguous.

10.     Answering Paragraph 10 of the Complaint, Defendants state that the corporate structure and organization of Defendants speak for themselves and have changed over time, and on that basis deny the allegations contained in Paragraph 10 of the Complaint.  Defendants deny the remainder of the allegations in Paragraph 10 of the Complaint, including on the grounds that the allegations are vague and ambiguous.

11.     Answering Paragraph 11 of the Complaint, Defendants state that the corporate structure and organization of Defendants speak for themselves and have changed over time, and on that basis deny the allegations contained in Paragraph 11 of the Complaint.  Defendants deny the remainder of the allegations in Paragraph 11 of the Complaint, including on the grounds that the allegations are vague and ambiguous.

12.     Answering Paragraph 12 of the Complaint, Defendants deny the allegations in Paragraph 12, including on the grounds that they are vague and ambiguous.

13.     Answering Paragraph 13 of the Complaint, Defendants deny the allegations in Paragraph 13.

14.     Answering Paragraph 14 of the Complaint, Defendants admit they are Delaware corporations with their principal places of business in Texas.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14, and on that basis deny them.

15.     Answering Paragraph 15 of the Complaint, Defendants admit AT&T Services, Inc. is the lessee with respect to property in Los Angeles, California. Defendants deny the remainder of the allegations in Paragraph 15, including on the grounds that they are vague and ambiguous.

16.     Answering Paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny them.

17.     Answering Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny them.

18.     Answering Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny them.

19.     Answering Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny them.

20.     Answering Paragraph 20 of the Complaint, Defendants admit that AT&T entities cumulatively constitute a large provider of mobile telephone and fixed wireline telephone services in the United States, and provide broadband internet and subscription television services.  Defendants deny the remainder of the allegations in Paragraph 20, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.

21.     Answering Paragraph 21 of the Complaint, Defendants admit that AT&T U-verse TV was launched in 2006.  Defendants deny the remainder of the allegations in Paragraph 21, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.

22.     Answering Paragraph 22 of the Complaint, Defendants admit AWE was on U-verse in 2006 and has been since then.  Defendants deny the remaining allegations in Paragraph 22, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring, and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Defendants deny the allegations in Paragraph 23, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.

24.     Answering Paragraph 24 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis deny them.

25.     Answering Paragraph 25 of the Complaint, Defendants deny the allegations in Paragraph 25, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.

26.     Answering Paragraph 26 of the Complaint, Defendants admit that AT&T Services, Inc. and Herring Networks, Inc. entered into a Network Affiliation Agreement in April 2014.  Defendants deny the remainder of the allegations in Paragraph 26, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring, and that the terms of the Network Affiliation Agreement speak for themselves.

27.     Answering Paragraph 27 of the Complaint, Defendants deny the allegations in Paragraph 27.

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

28.     Answering Paragraph 28 of the Complaint, Defendants deny the allegations in Paragraph 28, including on the grounds that they are vague and ambiguous.

29.     Answering Paragraph 29 of the Complaint, Defendants deny the allegations in Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendants deny the allegations in Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Defendants admit that the Network Affiliation Agreement contains a provision entitled "Acquired System[s]," at section 4.B, which speaks for itself.  Defendants deny the remainder of the allegations in Paragraph 31, including on the grounds that they are vague and ambiguous.

32.     Answering Paragraph 32 of the Complaint, Defendants deny the allegations in Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, Defendants admit that the quotation included in Paragraph 33 appears in AT&T Inc.'s Form 10-K for the fiscal year ended December 31, 2013, filed February 21, 2014.  Defendants otherwise deny the allegations in Paragraph 33, including on the grounds that they are vague and ambiguous.

34.     Answering Paragraph 34 of the Complaint, Defendants deny the allegations in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Defendants admit that Plaintiff's channels are not carried on DirecTV.  Defendants deny the remainder of the allegations in Paragraph 35, including on the grounds that they are vague and ambiguous.

36.     Answering Paragraph 36 of the Complaint, Defendants admit that Plaintiff's channels are not carried on DirecTV.  Defendants deny the remainder of the allegations in Paragraph 36, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

1   entity to which they are referring, and that Defendants lack sufficient knowledge or

2   information to form a belief as to the truth of the allegations contained in Paragraph

3   36.

4       37.    Answering Paragraph 37 of the Complaint, Defendants deny the

5   allegations in Paragraph 37, including on the grounds that they are vague and

6   ambiguous.

7       38.    Answering Paragraph 38 of the Complaint, Defendants deny the

8   allegations in Paragraph 38, including on the grounds that the allegations are vague

9   and ambiguous and that the 2014 Network Affiliation Agreement speaks for itself.

10      39.    Answering Paragraph 39 of the Complaint, Defendants deny the

11  allegations in Paragraph 39.

12      40.    Answering Paragraph 40 of the Complaint, Defendants admit Plaintiff's

13  further allegations address the second aspect of the case alleged by Plaintiff.

14  Defendants deny the remaining allegations in Paragraph 40.

15      41.    Answering Paragraph 41 of the Complaint, Defendants deny the

16  allegations in Paragraph 41, including on the grounds that they are vague and

17  ambiguous because, among other things, the allegations do not specify which AT&T

18  entity to which they are referring.

19      42.    Answering Paragraph 42 of the Complaint, Defendants deny the

20  allegations in Paragraph 42, including on the grounds that they are vague and

21  ambiguous because, among other things, the allegations do not specify which AT&T

22  entity to which they are referring, and that Defendants lack sufficient knowledge or

23  information to form a belief as to the truth of the allegations contained in Paragraph

24  42.

25      43.    Answering Paragraph 43 of the Complaint, Defendants deny the

26  allegations in Paragraph 43, including on the grounds that they are vague and

27  ambiguous and that Defendants lack sufficient knowledge or information to form a

28  belief as to the truth of the allegations contained in Paragraph 43.

44.     Answering Paragraph 44 of the Complaint, Defendants deny the allegations in Paragraph 44, including on the grounds that they are vague and ambiguous.

45.     Answering Paragraph 45 of the Complaint, Defendants deny the allegations in Paragraph 45, including on the grounds that they are vague and ambiguous.

46.     Answering Paragraph 46 of the Complaint, Defendants admit that the acquisition of DirecTV was publicly announced in May 2014.  Defendants deny the remainder of the allegations in Paragraph 46, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring, and the terms of the public announcement speak for themselves.

47.     Answering Paragraph 47 of the Complaint, Defendants admit that as of approximately May 1, 2014, DirecTV had approximately 20 million subscribers and U-verse had approximately 5.7 million subscribers.  Defendants deny the remainder of the allegations in Paragraph 47, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring.

48.     Answering Paragraph 48 of the Complaint, Defendants admit the acquisition of DirecTV was subject to regulatory approval.  Defendants otherwise deny the allegations in Paragraph 48, including on the grounds that they are vague and ambiguous.

49.     Answering Paragraph 49 of the Complaint, Defendants deny the allegations in Paragraph 49, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     Answering Paragraph 50 of the Complaint, Defendants deny the allegations in Paragraph 50, including on the grounds that they are vague and

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50.

51.     Answering Paragraph 51 of the Complaint, Defendants deny the allegations in Paragraph 51, including on the grounds that they are vague and ambiguous, that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51, and that any notice of inquiry by the FCC speaks for itself.

52.     Answering Paragraph 52 of the Complaint, Defendants deny the allegations in Paragraph 52, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     Answering Paragraph 53 of the Complaint, Defendants state that the records documenting the attempted T-Mobile acquisition speak for themselves and are their own best evidence, and on that basis deny the allegations in Paragraph 53. Defendants also deny the remaining allegations in Paragraph 53, including on the grounds that they are vague and ambiguous.

54.     Answering Paragraph 54 of the Complaint, Defendants deny the allegations in Paragraph 54, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Answering Paragraph 55 of the Complaint, Defendants deny the allegations in Paragraph 55, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Answering Paragraph 56 of the Complaint, Defendants deny the allegations in Paragraph 56, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

57.     Answering Paragraph 57 of the Complaint, Defendants deny the allegations in Paragraph 57, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     Answering Paragraph 58 of the Complaint, Defendants deny the allegations in Paragraph 58, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58.

59.     Answering Paragraph 59 of the Complaint, Defendants deny the allegations in Paragraph 59, including on the grounds that they are vague and ambiguous and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, Defendants deny the allegations in Paragraph 60.

61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations in Paragraph 61, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Answering Paragraph 62 of the Complaint, Defendants deny the allegations in Paragraph 62, including on the grounds that they are vague and ambiguous and that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     Answering Paragraph 63 of the Complaint, Defendants deny the allegations in Paragraph 63.

64.     Answering Paragraph 64 of the Complaint, Defendants deny the allegations in Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendants deny the allegations in Paragraph 65, including on the grounds that they are vague and

Gibson, Dunn & Crutcher LLP

1  ambiguous and that Defendants lack sufficient knowledge or information to form a
2  belief as to the truth of the allegations contained in Paragraph 65.

3          66.     Answering Paragraph 66 of the Complaint, Defendants deny the
4  allegations in Paragraph 66, including on the grounds that they are vague and
5  ambiguous and that Defendants lack sufficient knowledge or information to form a
6  belief as to the truth of the allegations contained in Paragraph 66.

7          67.     Answering Paragraph 67 of the Complaint, Defendants deny the
8  allegations in Paragraph 67, including on the grounds that they are vague and
9  ambiguous and that Defendants lack sufficient knowledge or information to form a
10 belief as to the truth of the allegations contained in Paragraph 67.

11         68.     Answering Paragraph 68 of the Complaint, Defendants deny the
12 allegations in Paragraph 68, including on the grounds that they are vague and
13 ambiguous, that Defendants lack sufficient knowledge or information to form a belief
14 as to the truth of the allegations contained in Paragraph 68, and that any documents
15 speak for themselves.

16         69.     Answering Paragraph 69 of the Complaint, Defendants deny the
17 allegations in Paragraph 69.

18         70.     Answering Paragraph 70 of the Complaint, Defendants deny the
19 allegations in Paragraph 70, including on the grounds that Defendants lack sufficient
20 knowledge or information to form a belief as to the truth of the allegations contained in
21 Paragraph 70.

22         71.     Answering Paragraph 71 of the Complaint, Defendants deny the
23 allegations in Paragraph 71.

24         72.     Answering Paragraph 72 of the Complaint, Defendants deny the
25 allegations of Paragraph 72, including on the grounds that they are vague and
26 ambiguous and that Defendants lack sufficient knowledge or information to form a
27 belief as to the truth of the allegations contained in Paragraph 72.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

73.     Answering Paragraph 73 of the Complaint, Defendants admit Charles Herring met James Cicconi at the Hyatt Hotel in Washington D.C. on October 13, 2014.  Defendants deny the remainder of the allegations in Paragraph 73.

74.     Answering Paragraph 74 of the Complaint, Defendants deny the allegations in Paragraph 74.

75.     Answering Paragraph 75 of the Complaint, Defendants admit Charles Herring sent James Cicconi an email on October 27, 2014 and that Cicconi responded to the email.  Defendants deny the remaining allegations in Paragraph 75, including on the grounds that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75, they are vague and ambiguous, and the emails speak for themselves.

76.     Answering Paragraph 76 of the Complaint, Defendants admit that the DirecTV acquisition was approved and completed on July 24, 2015.  Defendants deny the remaining allegations in Paragraph 76, including on the grounds that they are vague and ambiguous.

77.     Answering Paragraph 77 of the Complaint, Defendants admit John Stankey became Chief Executive Officer – AT&T Entertainment and Internet Services at AT&T Services, Inc.  Defendants deny the remainder of the allegations in Paragraph 77, including on the grounds that they are vague and ambiguous.

78.     Answering Paragraph 78 of the Complaint, Defendants admit that AT&T entities cumulatively have approximately 25 million subscribers.  Defendants deny the remainder of the allegations in Paragraph 78, including on the grounds that they are vague and ambiguous.

79.     Answering Paragraph 79 of the Complaint, Defendants deny the allegations in Paragraph 79, including on the grounds that they are vague and ambiguous.

80.     Answering Paragraph 80 of the Complaint, Defendants deny the allegations in Paragraph 80.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

81.     Answering Paragraph 81 of the Complaint, Defendants incorporate their answers to Paragraphs 1-80 and 82-128, inclusive, by reference as if set forth fully herein.

82.     Answering Paragraph 82 of the Complaint, Defendants admit that AT&T Services, Inc. entered into a Network Affiliation Agreement with Herring Networks, Inc. in April 2014.  Defendants deny the remaining allegations in Paragraph 82, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring, and that the terms of the Network Affiliation Agreement speak for themselves.

83.     Answering Paragraph 83 of the Complaint, Defendants deny the allegations in Paragraph 83, including on the grounds that they are vague and ambiguous.

84.     Answering Paragraph 84 of the Complaint, Defendants deny the allegations in Paragraph 84.

85.     Answering Paragraph 85 of the Complaint, Defendants deny the allegations in Paragraph 85.

86.     Answering Paragraph 86 of the Complaint, Defendants deny the allegations in Paragraph 86.

87.     Answering Paragraph 87 of the Complaint, Defendants deny the allegations in Paragraph 87.

88.     Answering Paragraph 88 of the Complaint, Defendants deny the allegations in Paragraph 88.

89.     Answering Paragraph 89 of the Complaint, Defendants incorporate their answers to Paragraphs 1-88 and 90-128, inclusive, by reference as if set forth fully herein.

90.     Answering Paragraph 90 of the Complaint, Defendants deny the allegations in Paragraph 90, including on the grounds that they are vague and ambiguous.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

91.     Answering Paragraph 91 of the Complaint, Defendants deny the allegations in Paragraph 91.

92.     Answering Paragraph 92 of the Complaint, Defendants deny the allegations in Paragraph 92, including on the grounds that they are vague and ambiguous.

93.     Answering Paragraph 93 of the Complaint, Defendants deny the allegations in Paragraph 93.

94.     Answering Paragraph 94 of the Complaint, Defendants deny the allegations in Paragraph 94.

95.     Answering Paragraph 95 of the Complaint, Defendants deny the allegations in Paragraph 95.

96.     Answering Paragraph 96 of the Complaint, Defendants incorporate their answers to Paragraphs 1-95 and 97-128, inclusive, by reference as if set forth fully herein.

97.     Answering Paragraph 97 of the Complaint, Defendants deny the allegations in Paragraph 97, including on the grounds that they are vague and ambiguous.

98.     Answering Paragraph 98 of the Complaint, Defendants deny the allegations in Paragraph 98.

99.     Answering Paragraph 99 of the Complaint, Defendants deny the allegations in Paragraph 99.  To the extent the allegations in Paragraph 99 are legal contentions, no response is required and therefore they are denied.

100.   Answering Paragraph 100 of the Complaint, Defendants deny the allegations in Paragraph 100.

101.   Answering Paragraph 101 of the Complaint, Defendants deny the allegations in Paragraph 101, including on the grounds that they are vague and ambiguous.

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

102.   Answering Paragraph 102 of the Complaint, Defendants deny the allegations in Paragraph 102.

103.   Answering Paragraph 103 of the Complaint, Defendants deny the allegations in Paragraph 103.

104.   Answering Paragraph 104 of the Complaint, Defendants incorporate their answers to Paragraphs 1-103 and 105-128, inclusive, by reference as if set forth fully herein.

105.   Answering Paragraph 105 of the Complaint, Defendants admit AT&T Services, Inc. and Herring Networks, Inc. entered into a Network Affiliation Agreement in April 2014.  Defendants deny the remaining allegations in Paragraph 105, including on the grounds that they are vague and ambiguous because, among other things, the allegations do not specify which AT&T entity to which they are referring, and that the terms of the 2014 Network Affiliation Agreement speak for themselves.

106.   Answering Paragraph 106 of the Complaint, Defendants deny the allegations in Paragraph 106.  To the extent the allegations in Paragraph 106 are legal contentions, no response is required and therefore they are denied.

107.   Answering Paragraph 107 of the Complaint, Defendants deny the allegations in Paragraph 107, including on the grounds that they are vague and ambiguous.

108.   Answering Paragraph 108 of the Complaint, Defendants deny the allegations in Paragraph 108, including on the grounds that the terms of the 2014 Network Affiliation Agreement speak for themselves.  To the extent the allegations in Paragraph 108 are legal contentions, no response is required and therefore they are denied.

109.   Answering Paragraph 109 of the Complaint, Defendants deny the allegations in Paragraph 109, including on the grounds that they are vague and ambiguous.

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

110.   Answering Paragraph 110 of the Complaint, Defendants deny the allegations in Paragraph 110.

111.   Answering Paragraph 111 of the Complaint, Defendants incorporate their answers to Paragraphs 1-110 and 112-128, inclusive, by reference as if set forth fully herein.

112.   Answering Paragraph 112 of the Complaint, Defendants deny the allegations in Paragraph 112.

113.   Answering Paragraph 113 of the Complaint, Defendants deny the allegations in Paragraph 113.

114.   Answering Paragraph 114 of the Complaint, Defendants deny the allegations in Paragraph 114, including on the grounds that they are vague and ambiguous.

115.   Answering Paragraph 115 of the Complaint, Defendants admit that OAN and AWE are not carried on DirecTV.  Defendants otherwise deny the allegations in Paragraph 115.

116.   Answering Paragraph 116 of the Complaint, Defendants deny the allegations in Paragraph 116

117.   Answering Paragraph 117 of the Complaint, Defendants incorporate their answers to Paragraphs 1-116 and 118-128, inclusive, by reference as if set forth fully herein.

118.   Answering Paragraph 118 of the Complaint, Defendants deny the allegations in Paragraph 118.

119.   Answering Paragraph 119 of the Complaint, Defendants deny the allegations in Paragraph 119.

120.   Answering Paragraph 120 of the Complaint, Defendants admit that OAN and AWE are not carried on DirecTV.  Defendants otherwise deny the allegations in Paragraph 120, including on the grounds that they are vague and ambiguous.

Gibson, Dunn &
Crutcher LLP

121.   Answering Paragraph 121 of the Complaint, Defendants deny the allegations in Paragraph 121.

122.   Answering Paragraph 122 of the Complaint, Defendants incorporate their answers to Paragraphs 1-121 and 123-128, inclusive, by reference as if set forth fully herein.

123.   Answering Paragraph 123 of the Complaint, Defendants deny the allegations in Paragraph 123.

124.   Answering Paragraph 124 of the Complaint, Defendants deny the allegations in Paragraph 124.

125.   Answering Paragraph 125 of the Complaint, Defendants deny the allegations in Paragraph 125.

126.   Answering Paragraph 126 of the Complaint, Defendants deny the allegations in Paragraph 126, including on the grounds that they are vague and ambiguous.

127.   Answering Paragraph 127 of the Complaint, Defendants deny the allegations in Paragraph 127.

128.   Responding to the allegations contained in Paragraphs 1 through 6 of Plaintiff's Prayer for Judgment, Defendants deny, generally and specifically, that Plaintiff is entitled to any relief alleged herein or otherwise by reason of any act or omission by Defendants, or that Plaintiff has suffered any damages by reason of any act or omission by Defendants.  Defendants further deny, generally and specifically, that the elements of relief sought are available to Plaintiff on any of the claims alleged.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **Lack of Personal Jurisdiction**

Defendants assert that this Court does not have personal jurisdiction over Defendant AT&T Inc.

Gibson, Dunn &
Crutcher LLP

**SECOND AFFIRMATIVE DEFENSE**

**Failure to State a Claim On Which Relief Can Be Granted**

Defendants assert that Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**Failure to Plead Fraud with Specificity**

Defendants assert that Plaintiff's first, second, and third causes of action, and all causes of action premised thereon, are barred to the extent they have failed to allege with specificity each element required for a pleading sounding in fraud.

**FOURTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

Defendants assert that Plaintiff is barred from any relief on all of its claims under any applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**Laches**

Defendants assert that Plaintiff is barred from any relief on all of its claims under the doctrine of laches because Plaintiff is guilty of undue delay in filing and prosecuting this suit.

**SIXTH AFFIRMATIVE DEFENSE**

**Waiver**

Defendants assert that Plaintiff is barred from any relief on all of its claims under the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**Estoppel**

Defendants assert that Plaintiff is barred from any relief on all of its claims under the doctrine of estoppel.

17

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### Lack of Privity

Defendants assert that Plaintiff is barred from any relief on all of its claims because of lack of privity between Plaintiff and Defendants, or each of them.

## NINTH AFFIRMATIVE DEFENSE

### Failure of Consideration

Defendants assert that Plaintiff is barred from any relief by the doctrine of failure of consideration, including with regard to the alleged agreement to lobby for the DirecTV acquisition (the "Lobbying Agreement").

## TENTH AFFIRMATIVE DEFENSE

### Unilateral Mistake of Fact

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of unilateral mistake of fact.

## ELEVENTH AFFIRMATIVE DEFENSE

### Bilateral Mistake of Fact

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of bilateral mistake of fact.

## TWELFTH AFFIRMATIVE DEFENSE

### Duress

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of duress.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Economic Duress

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of economic duress.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Undue Influence**

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of undue influence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Novation**

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of novation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**Statute of Frauds**

Defendants assert that Plaintiff is barred from any relief with regard to the purported Lobbying Agreement because any such agreement is required by law to be in writing and Plaintiff has not performed its obligations under the alleged agreement.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**Unlawful Amendment**

Defendants assert that Plaintiff is barred from any relief with regard to the purported Lobbying Agreement because any such agreement is invalid as an unlawful amendment to the 2014 Network Affiliation Agreement.[1]

---

[1] Defendants use the term "Network Affiliation Agreement" as described in Paragraph 26 of Plaintiff's Complaint.

Gibson, Dunn &
Crutcher LLP

## NINETEENTH AFFIRMATIVE DEFENSE

### Contract Void as Against Public Policy

Defendants assert that Plaintiff is barred from any relief with regard to any causes of action premised on the alleged Lobbying Agreement because any such agreement is void as against public policy.

## TWENTIETH AFFIRMATIVE DEFENSE

### Defendants Acted in Good Faith

Defendants assert that Plaintiff is barred from any relief on all of its claims because Defendants acted properly, reasonably, and in good faith at all times relevant to the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Not Willful

Defendants assert that Plaintiff is barred from any relief on all of its claims because the conduct and/or violations of law alleged against Defendants are not sufficient to be "willful."

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Accord and Satisfaction

Defendants assert that Plaintiff is barred from any relief on all of its claims by the doctrine of accord and satisfaction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Consent

Defendants assert that Plaintiff is barred from any relief on all of its claims because Plaintiff consented to Defendants' conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Acts of Omissions of Plaintiff

Defendants assert that Plaintiff is barred from any relief on all of its claims because Plaintiff's damages, if any, resulted from the acts and/or omissions of Plaintiff.

Gibson, Dunn & Crutcher LLP

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Defendants assert that Plaintiff has failed to mitigate the damages alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### No Proximate Causation

Defendants assert that Plaintiff is barred from any relief on all of its claims because the damages alleged by Plaintiff, if any, were not proximately caused by any act or omission by Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Speculative Damages

Defendants assert that Plaintiff is barred from any relief on all of its claims because the alleged damages are impermissibly remote and speculative.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Due Process and Excessive Finds

Because Defendants acted at all times in good faith, any award of punitive damages in this action would violate Defendants' constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### Adequate Remedy At Law

Defendants assert that Plaintiff has an adequate remedy at law.  Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

Gibson, Dunn & Crutcher LLP

### THIRTIETH AFFIRMATIVE DEFENSE
### Plaintiff Not Entitled to Attorneys' Fees

Defendants assert that Plaintiff is barred from recovering attorneys' fees because there is no basis for an award of attorneys' fees.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### Limitation of Liability

Defendants assert that Plaintiff's claims and/or claims for damages are barred in whole or in part by the limitation of liability contained in the 2014 Network Affiliation Agreement, § 13.G.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### Relationship Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Relationships clause of the 2014 Network Affiliation Agreement, § 16.H, providing, among other things, that "Nothing contained herein shall be deemed to create, and the Parties do not intend to create, any relationship of partners or joint venturers . . ."; that "Nothing in this Agreement shall be construed as to restrict either Party from entering into any agreement with any third party, even if similar to or competitive with the transactions contemplated hereunder"; and that "notwithstanding any other provision of this Agreement, nothing herein shall constitute nor be interpreted as a waiver of AT&T's right to engage in any lawful conduct or to provide any lawful service or product permitted in the absence of a grant from Network or its program suppliers under copyright and all other applicable laws."

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### No Third Party Beneficiaries Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the No Third Party Beneficiaries clause of the 2014 Network Affiliation Agreement, § 16.I.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### Disclaimer of Warranties Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Disclaimer of Warranties clause of the 2014 Network Affiliation Agreement, § 16.L.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### Integration (Entire Agreement (Etc.)) Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Entire Agreement; Amendments; Waivers; Cumulative Remedies clause of the 2014 Network Affiliation Agreement, § 16.P, providing, among other things, that "This Agreement . . . constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes all prior and/or contemporaneous, express or implied, written or oral, agreements, representations and conditions between the Parties with respect thereto[,]" and that "This Agreement may only be amended or modified by a written agreement of both Parties."

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### Acquired System(s) Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Acquired System(s) clause of the 2014 Network Affiliation Agreement, § 4.B, providing, among other things:  "For the avoidance of doubt, nothing herein shall obligate AT&T to launch and carry the Services on any System that AT&T acquires during the Term if such System is not already distributing or obligated to distribute the Services."

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### Packaging/Carriage Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Packaging/Carriage clause of the 2014 Network Affiliation Agreement, § 6.B, providing, among other things:  "For the avoidance of doubt, nothing herein shall

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

obligate AT&T to launch and carry the Services on any System that AT&T acquires during the Term if such System is not already distributing or obligated to distribute the Services."

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
#### Service Channel Location/Retiering/Service Deletion Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Service Channel Location/Retiering/Service Deletion clause of the 2014 Network Affiliation Agreement, § 6.C, providing, among other things that "AT&T shall have the unilateral right . . . to . . . delete a Service and/or any feed(s) of a service . . . ."

### THIRTY-NINTH AFFIRMATIVE DEFENSE
#### Additional Termination Rights Clause

Defendants contend Plaintiff's claims are barred in whole or in part based upon the Additional Termination Rights clause of the 2014 Network Affiliation Agreement, § 3.B, providing, among other things:  "Upon sixty (60)-days advance written notice to Network, AT&T may terminate this Agreement in full if AT&T ceases operation of the System(s) as a whole, or if AT&T discontinues its delivery of video programming in any geographic area(s) being served by the System(s), then AT&T can terminate this Agreement to such geographic area(s)."

### FORTIETH AFFIRMATIVE DEFENSE
#### 2014 Network Affiliation Agreement

Defendants contend Plaintiff is barred from any relief with respect to all of its claims and allegations in the Complaint because the conduct complained of is permitted under, and all such relief is barred by, the 2014 Network Affiliation Agreement.

### JURY DEMAND

Defendants demand trial by jury.

## **RESERVATION OF RIGHTS**

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery or at other phases in this action and reserve the right to amend their answer accordingly.

WHEREFORE, Defendants pray for judgment as follows

1. That Plaintiff takes nothing by the Complaint;
2. That the Complaint be dismissed;
3. For judgment in favor of Defendants;
4. For costs of suit herein;
5. For attorneys' fees on any appropriate basis; and
6. For such other and further relief as the Court may deem proper and just.

DATE:   August 31, 2016                  GIBSON DUNN & CRUTCHER, LLP


                                         By  /s/ James L. Zelenay, Jr.
                                             James L. Zelenay, Jr.
                                             Attorney for Defendants
                                             AT&T Services, Inc. and AT&T Inc.

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I, James L. Zelenay, Jr., declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071, in said County and State.  On August 31, 2016, I served the following document(s):

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties stated below, by the following means of service:

☑   **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format of the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2016.

_/s/ James L. Zelenay, Jr._
James L. Zelenay, Jr.

SERVED ON:

Louis R. Miller
Amnon Z. Siegel
Jesse Bolling
All of Miller Barondess, LLP

Gibson, Dunn & Crutcher LLP

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT