MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
JAMES L. ZELENAY JR., SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JAMES C. HO (*pro hac vice* admitted)
  jho@gibsondunn.com
ASHLEY E. JOHNSON (*pro hac vice* admitted)
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: 214.698.3100
Facsimile: 214.571.2900

Attorneys for Defendants AT&T SERVICES, INC. and AT&T INC.

LOUIS R. MILLER, SBN 54141
  smiller@millerbarondess.com
AMNON Z. SIEGEL, SBN 234981
  asiegel@millerbarondess.com
CASEY B. PEARLMAN, SBN 291214
  cpearlman@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Telephone: 310.552.4400
Facsimile: 310.552.8400

Attorneys for Plaintiff HERRING NETWORKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., a California corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC., a Delaware corporation; and AT&T INC., a Delaware corporation,<br><br>           Defendants. | CASE NO. 16-cv-01636-CAS-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>ACTION FILED: March 9, 2016 |

315262.1

STIPULATED PROTECTIVE ORDER

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this stipulation shall be deemed an admission by either party that certain categories or types of documents or information contain proprietary or confidential information. Each party retains the right to challenge any and all information designated "CONFIDENTIAL," as defined in Paragraph 2.3 below, through the procedures detailed below. Nothing in this stipulation shall be deemed a waiver of any such rights.

THEREFORE, the Parties, by and through their respective counsel, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that the Stipulated Protective Order lodged concurrently with this Court, which contains the terms and provisions set forth herein, be entered to govern the proceedings in this action for good cause shown and according to the following terms and provisions.

///

///

## B.  GOOD CAUSE STATEMENT

This action is likely to involve confidential and proprietary business and commercial information and trade secrets of the parties, as well as sensitive and private information about non-parties for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  By way of example only, and without waiving any party's right to object to the scope of such discovery, the parties anticipate that the Plaintiff will seek discovery into, among other things, Defendant AT&T Services, Inc.'s business plans and practices with respect to DirecTV and the relationship between the DirecTV television platform and AT&T's U-verse television platform.  Similarly, by way of example only, and without waiving any party's right to object to the scope of such discovery, the parties anticipate that Defendants will seek discovery into Plaintiff Herring's business practices and profits, among other items.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 <u>Action</u>: This pending federal lawsuit, *Herring Networks, Inc. v. AT&T Services, Inc., et al.*, Case No. 16-cv-01636-CAS-AGR (C.D. Cal.), filed March 9, 2016.

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admission, and other information produced by the Parties or third parties in connection with this case that a Party believes in good faith contains or comprises any proprietary, commercially sensitive, trade secret information, private third party information or personal records.

2.4 <u>Counsel</u>: Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information, documents, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     In-house Counsel:  Attorneys who are employees of a Party to this Action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record:  Attorneys who are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material that is protected testimony on the record, before the close of the deposition or within 10 days of receipt of the transcript of the deposition.

(c)  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  TREATMENT OF POTENTIAL "ATTORNEYS' EYES ONLY" INFORMATION

6.1  If either Party believes in good faith that it has a document that would otherwise be subject to production but is of such a nature that it should be limited to "Attorneys' Eyes Only," that Party can withhold the document from production and meet and confer pursuant to Local Rule 37-1 et seq. with the other Party about potential "Attorneys' Eyes Only" protection for that document.

6.2  If the meet-and-confer process does not successfully resolve the issue, the Designating Party must request an informal conference with the Court, and if necessary, file a motion before the Court about the potential "Attorneys' Eyes Only" document.  Unless the Parties can reach agreement, all Parties must be bound by the

Court's determination of whether a document deserves "Attorneys' Eyes Only" treatment.

6.3 Unless otherwise agreed to by the Parties, any meet-and-confer pursuant to this section must be initiated within 15 days of when the Designating Party identifies the document as potential "Attorneys' Eyes Only."

6.4 The burden of persuasion in any potential "Attorneys' Eyes Only" designation shall be on the Designating Party.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, and any court of competent appellate jurisdiction;

(e) Court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Some of the documents and information related to this action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the applicable law and not subject to discovery under applicable law ("Privileged Information").

1   When a Producing Party gives notice to Receiving Parties that certain
2   inadvertently produced material is subject to a claim of privilege or other protection,
3   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
4   Procedure 26(b)(5)(B).  The inadvertent disclosure of any document by either Party in
5   this action, through material, electronic, or any other means, which is subject to a
6   legitimate claim that the document should have been withheld from disclosure as
7   Privileged Information, and for which no express intention to affirmatively waive the
8   privilege has been stated, shall NOT waive any privilege or other applicable protective
9   doctrine for that document or for the subject matter of the inadvertently disclosed
10  document if the Producing Party, upon becoming aware of the disclosure, promptly
11  requests its return.  Moreover, nothing in this stipulation shall be construed as waiving
12  the obligation of a Receiving Party under California law to alert the Producing Party to
13  privileged information that may have been inadvertently produced.  Each Party shall
14  take reasonable precautions to avoid the inadvertent disclosure of Privileged
15  Information.

16  Except in the event that the Receiving Party disputes the claim, any document
17  which the Producing Party produced in this action and deems to contain inadvertently
18  disclosed Privileged Information shall be, upon written request, returned to the
19  Producing Party or destroyed at the Producing Party's option within five business days
20  of receipt of the request.  The Receiving Party shall make a good faith attempt to return
21  or destroy all copies, electronic or otherwise, of any such documents, as well as those
22  copies that were provided by the Receiving Party to any other parties or non-parties
23  (including, but not limited to, vendors who may have performed service at the
24  direction of the Receiving Party).  In the event that the Receiving Party disputes the
25  Producing Party's claim as to the protected nature of the inadvertently disclosed
26  information, a single set of copies may be sequestered and retained by and under the
27  control of the Receiving Party for the sole purpose of seeking court determination of
28  the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

Any such Privileged Information inadvertently disclosed by the Producing Party to the Receiving Party shall be and remain the property of the Producing Party.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any Party or person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

13.3 <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1)

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 4, 2016

        AMNON SIEGEL
        MILLER BARONDESS LLP

        By: */s/ Amnon Siegel*
                Amnon Siegel

        Attorney for Plaintiff HERRING NETWORKS, INC., a California corporation

Dated: November 4, 2016

        JAMES L. ZELENAY JR.
        GIBSON, DUNN & CRUTCHER LLP

By: */s/ James L. Zelenay Jr.*
      James L. Zelenay Jr.

Attorney for Defendants AT&T SERVICES, INC., a Delaware corporation, AT&T INC., a Delaware corporation

### **ECF ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 4, 2016

        JAMES L. ZELENAY JR.
        GIBSON, DUNN & CRUTCHER LLP

By: */s/ James L. Zelenay Jr.*
      James L. Zelenay Jr.

Attorney for Defendants AT&T SERVICES, INC., a Delaware corporation, AT&T INC., a Delaware corporation

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: November 9, 2016

*Alicia G. Rosenberg*
_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Herring Networks, Inc. v. AT&T Services, Inc., et al.*, Case No. 16-cv-01636-CAS-AGR (C.D. Cal.), filed March 9, 2016.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____