HUESTON HENNIGAN LLP
Brian J. Hennigan (86955)
bhennigan@hueston.com
Zachary T. Elsea (279252)
zelsea@hueston.com
523 W. 6th St., Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Non-party Aaron Slator

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERRING NETWORKS, INC., | Case No. 2:16-CV-1636-CAS-AGR |
| Plaintiff, | **NON-PARTY AARON SLATOR'S** *EX PARTE* **APPLICATION FOR PROTECTIVE ORDER CONTINUING DEPOSITION DATE** |
| vs. | |
| AT&T SERVICES, INC., and AT&T, INC., | |
| Defendants. | |

5080049

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party Aaron Slator will and hereby does respectfully apply *ex parte* pursuant to Local Rules 7-19 and 7-19.1 to the Honorable Christina A. Snyder, Spring Street Courthouse, 312 N. Spring St., Courtroom 5, 2nd Floor, Los Angeles, CA, 90012, for a protective order postponing Mr. Slator's deposition, currently noticed by a subpoena issued by Plaintiff Herring Networks to take place on November 17, 2016, at 10:00 A.M., to a date no earlier than November 30, 2016.

Good cause exists for bringing this application for ex parte relief, as counsel was only retained on November 15, 2016, and a regularly noticed motion could not be filed before the noticed deposition date of November 17, 2016, at 10:00 A.M.

This application is based upon this Ex Parte Application, the accompanying Memorandum of Points and Authorities, the Declaration of Brian J. Hennigan ("Hennigan Decl.") filed concurrently herewith, the Court's record on file herein, and such matters of which the Court may take judicial notice.

Pursuant to Local Rule 7-19, Mr. Slator gave notice of this application to counsel for Plaintiff on March 15 and 16, 2016. Hennigan Decl. ¶¶ 5-7. Mr. Slator's counsel informed Herring's counsel of Mr. Slator's intent to file this *ex parte* application continuing the deposition date should the parties not reach an agreement regarding a continuance of the deposition date. *Id.*

The contact information for counsel in this case is as follows:

Louis R. Miller
smiller@millerbarondess.com
Amnon Z. Siegel
asiegel@millerbarondess.com
Casey B. Pearlman
cpearlman@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067

5080049

1 | Telephone: 310-552-4400
Attorneys for Plaintiff Herring Networks, Inc.

2

3 | Marcellus McRae
mmcrae@gibsondunn.com
James L. Zelenay, Jr.

4 | jzelenay@gibsondunn.com
GIBSON DUNN & CRUTCHER

5 | 333 South Grand Avenue
Los Angeles, CA 90071-3197

6 | Tel: 213-229-7000
James C. Ho

7 | Ashley E. Johnson
GIBSON DUNN & CRUTCHER

8 | 2100 McKinney Avenue
Dallas, TX 75201

9 | Tel: 214-698-3100
Attorneys for Defendants AT&T Services, Inc. and AT&T, Inc.

10

11 | Dated: November 16, 2016          Respectfully submitted,

12 | HUESTON HENNIGAN LLP

13

14

By:     */s/ Brian J. Hennigan*

15 | Brian J. Hennigan
Attorney for Non-party Aaron Slator

16

17

18

19

20

21

22

23

24

25

26

27

28

5080049

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Non-party Aaron Slator sought assistance of counsel yesterday, November 15, 2016, to represent him in connection with his response to a deposition subpoena issued by Plaintiff Herring Networks ("Herring"). Declaration of Brian J. Hennigan, ¶ 4. The deposition was noticed for Thursday, November 17 at 10:00 A.M. Mr. Slator respectfully requests that the Court issue a protective order postponing his deposition by two weeks—to a date no earlier than November 30—in order to allow Mr. Slator and his counsel sufficient time to review the claims and defenses at issue in this case and adequately prepare for his deposition.

"Under Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Mehmet v. PayPal, Inc.*, No. 5:08-cv-1961, 2009 WL 921637, at *1 (N.D. Cal. Apr. 3, 2009). Requiring Mr. Slator to sit for deposition on November 17 would cause him significant harm. Mr. Slator reached out to counsel yesterday to represent him in connection with the deposition subpoena issued by Herring. Hennigan Decl., ¶¶ 3-4. Hueston Hennigan represented Mr. Slator in connection with a Department of Justice antitrust investigation involving several cable and satellite content providers. *Id.*, ¶ 2. Herring's Complaint in this case involves highly complicated contracts and business transactions. Dkt. No. 1, ¶¶ 16-88. If Mr. Slator's counsel is not allowed sufficient time to review Herring's allegations and any relevant files or documents in this case, Mr. Slator's legal interests will be unduly and unnecessarily prejudiced.

By contrast, Herring would not be prejudiced by a modest continuance of Mr. Slator's deposition. The deadline for completion of fact discovery is not until April 2017, which would allow ample time to accommodate Mr. Slator's requested continuance. Hennigan Decl., ¶ 6. There is likewise no compelling reason why Mr. Slator, who is not a party to this case, should be required to testify before any of the eight party witnesses named by Herring, including "two **key** witnesses from AT&T" specifically identified in Herring's portion of the Joint Discovery Report in

5080049

1    this case. Dkt. No. 54., p. 2 (emphasis added). In sum, there is simply no reason why

2    Mr. Slator needs to testify now rather than two weeks from now.

3        His own legal interests aside, Mr. Slator takes Herring's subpoena very

4    seriously. For that reason and the other reasons set forth above, he respectfully

5    requests a two-week continuance of his deposition to allow him and his counsel to

6    appropriately prepare for his deposition in this case. If the Court is not inclined to

7    consider the merits of Mr. Slator's motion before 10:00 A.M. on November 17, Mr.

8    Slator respectfully requests that the Court order that Mr. Slator's deposition be stayed

9    pending the Court's consideration of this motion.

10

11   Dated: November 16, 2016                Respectfully submitted,

12                                           HUESTON HENNIGAN LLP

13

14                                  By:    */s/ Brian J. Hennigan*

15                                         Brian J. Hennigan
                                           Attorney for Non-party Aaron Slator
16

17

18

19

20

21

22

23

24

25

26

27

28

5080049

## DECLARATION OF BRIAN J. HENNIGAN

I, Brian J. Hennigan, declare and state as follows:

1.      I am an attorney licensed to practice in the State of California and am a member of good standing in the federal bar for the Central District of California. I am submitting this Declaration in support of the requested Motion for Protective Order, seeking a continuance in the deposition of Aaron Slator in *Herring Networks v. AT&T Services*, Case No. 2:16-cv-01636-CAS-AGR. I make this Declaration based on my personal knowledge and, if called as a witness, I could testify to all facts contained herein.

2.      I previously represented Aaron Slator in connection with a Justice Department antitrust investigation of several cable and satellite content providers beginning in March 2016. The specific focus of the Justice Department investigation related to an alleged horizontal agreement among various competitors to share information related to the carriage of Los Angeles Dodgers games. The Justice Department filed a civil complaint in connection with that investigation on November 2, 2016, in this judicial district.

3.      On November 14, 2016, I met with Mr. Slator in connection with the Justice Department representation. At that time, Mr. Slator told me that he learned that he had been noticed for a deposition in the Herring case set for November 17, and that he needed to find and retain counsel in connection with that deposition. Mr.  Slator asked that I consider taking on that representation.

4.      On November 15, 2016, in the late afternoon, I received a call from Mr. Slator asking that I represent him in this matter. I informed him that I would need to discuss the matter with counsel.

5080049

5.     I contacted Amnon Siegel, counsel for Herring, by email and phone the evening of November 15 as well as the morning of November 16. I informed counsel that while Mr. Slator hoped he and Herring could reach an understanding regarding a continuance, we would be seeking an *ex parte* protective order immediately should they fail to reach an agreement.

6.     During one of our calls, I asked Mr. Siegel if the requested two- to three-week continuance presented any problem with respect to the discovery completion date in this case. Mr. Siegel informed me that the discovery completion date is in April 2017. Nevertheless, Mr. Siegel informed me that his client had instructed him to refuse any requested continuance.

7.     After several email and phone discussions between myself and Mr. Siegel spanning from the afternoon of November 15 to the morning of November 16, we reached an impasse regarding rescheduling Mr. Slator's deposition. I informed Mr. Siegel of Mr. Slator's intent to immediately file this *ex parte* application.

8.     Shortly after my last conversation with Mr. Siegel on November 16, I received a phone call from my client, Aaron Slator. Mr. Slator informed me that he had just received a voicemail message from Charles Herring, asking Mr. Slator to return to the call and providing a callback number. Mr. Slator did not return that call.


By:     */s/ Brian J. Hennigan*

5080049