1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
3  CASEY B. PEARLMAN (State Bar No. 291214)
   cpearlman@millerbarondess.com
4  JESSE K. BOLLING (State Bar No. 286267)
   jbolling@millerbarondess.com
5  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
6  Los Angeles, California 90067
   Telephone:  (310) 552-4400
7  Facsimile:   (310) 552-8400

8  Attorneys for Plaintiff
   HERRING NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HERRING NETWORKS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AT&T SERVICES, INC., a Delaware corporation; and AT&T, INC., a Delaware corporation,<br><br>　　　　Defendants. | **CASE NO. 2:16-cv-01636-CAS-AGR**<br><br>**PLAINTIFF HERRING NETWORKS, INC.'S OPPOSITION TO NON-PARTY AARON SLATOR'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER CONTINUING DEPOSITION DATE**<br><br>[Filed concurrently with Declaration of Amnon Z. Siegel]<br><br>Assigned for All Purposes to:<br>Hon. Christina A. Snyder, Court Rm. 5<br><br>Action Filed:　March 9, 2016<br>Trial Date:　　September 19, 2017 |

## OPPOSITION TO *EX PARTE* APPLICATION

Plaintiff Herring Networks, Inc. ("Plaintiff" or "Herring") has been sandbagged by this last-minute effort to delay Aaron Slator's deposition. Mr. Slator, the former President of Content at AT&T, is a key fact witness in this case. While employed at AT&T, he made the oral agreement with Plaintiff that underpins several of Plaintiff's causes of action. Mr. Slator claims that he just recently retained Brian Hennigan to represent him as a third party, but Mr. Hennigan has been representing Mr. Slator for several months. Declaration of Brian J. Hennigan, ¶ 2. And Mr. Slator has been represented in this matter for months by another attorney, Kerry Garvis Wright at Glaser Weil Fink Howard Avchen & Shapiro LLP. Declaration of Amnon Z. Siegel ("Siegel Decl."), ¶ 2; Declaration of Kerry Garvis Wright Decl. ("Wright Decl."), ¶ 2. Plaintiff worked with Mr. Slator's counsel, Kerry Garvis Wright, to agree upon tomorrow, November 17, for his deposition and she accepted service of a subpoena on Mr. Slator's behalf on October 5, 2016. Siegel Decl., ¶ 4 & Ex. 4 of Ex. A; Wright Decl., ¶ 10 & Ex. F. There is no good cause to delay this deposition further.

Herring's efforts to obtain Mr. Slator's deposition began in mid-September 2016. Siegel Decl., ¶ 2. On September 14, 2016, Herring emailed Mr. Slator's counsel asking her whether she will accept service of a subpoena for Mr. Slator in this case. *Id.* Despite multiple requests, Herring received no response from Ms. Wright, so on September 28, 2016, Herring served Mr. Slator personally with a deposition subpoena. *Id.*, ¶ 3 & Ex. 1 of Ex. A. The deposition was scheduled for October 19, 2016. *Id.*, ¶ 4 & Ex. 2 of Ex. A. Mr. Slator's counsel, Ms. Wright, advised Plaintiff that Mr. Slator was unavailable on that date but provided alternative dates. *Id.*, ¶ 4 & Ex. 4 of Ex. A. The parties agreed on November 17, 2016 for his deposition. *Id.*, ¶ 4. Herring served an amended subpoena on Slator on October 5, 2016, scheduling the deposition for the agreed-upon date. Siegel Decl., ¶ 4 & Ex. 3 of Ex. A; Wright Decl., ¶ 10 & Ex. F.

1    This deposition was already rescheduled with Mr. Slator's counsel to
2 accommodate his schedule.  Mr. Slator is represented by a lawyer *being paid by*
3 *AT&T*.  Siegel Decl., ¶ 5; Wright Decl., ¶¶ 8, 14.  AT&T has been trying to delay
4 resolution of this case since its inception.  This is part and parcel of AT&T's stall
5 tactics.  Despite receiving Mr. Slator's indemnity request on October 3, 2016
6 (Wright Decl., ¶ 8), AT&T did not consent to Mr. Hennigan's representation until
7 November 15, 2016, on the eve of Mr. Slator's deposition.  AT&T waited until the
8 eleventh hour to agree to provide counsel to its former officer, Mr. Slator, and is
9 now using its own delay to attempt to postpone Mr. Slator's deposition.  This *Ex*
10 *Parte* Application, filed the day before a deposition that has been scheduled for
11 weeks, is an inappropriate attempt by AT&T to delay the testimony of a critical
12 witness.
13    Prior to Mr. Slator filing this *Ex Parte* Application, Herring sent his counsel a
14 letter demanding that he appear for the deposition, but Mr. Slator refused.  Siegel
15 Decl., ¶ 7 & Ex. A.
16    Mr. Slator is a critical witness with knowledge of key facts in the case.  He
17 has been represented by an attorney throughout the deposition scheduling process;
18 he has known about this deposition for weeks; and he agreed to be deposed
19 tomorrow, as did AT&T.  Siegel Decl., ¶¶ 2-4.  There is absolutely no prejudice to
20 Mr. Slator.  AT&T's last-minute shenanigans by switching counsel to a firm that
21 AT&T has been paying to represent Mr. Slator for months is not grounds to delay
22 the deposition.
23    Herring and its counsel would normally agree to provide the professional
24 courtesy of an extension.  However, this is more of AT&T's game-playing.
25    The *Ex Parte* Application should be denied.  The deposition should go
26 forward as scheduled tomorrow.
27
28

2

OPPOSITION TO NON-PARTY AARON SLATOR'S *EX PARTE* APPLICATION
FOR PROTECTIVE ORDER CONTINUING DEPOSITION DATE

1  DATED: November 16, 2016          MILLER BARONDESS, LLP

                                    By: _____
                                        AMNON Z. SIEGEL
                                        Attorneys for Plaintiff
                                        HERRING NETWORKS, INC.