# EXHIBIT A

# MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

November 16, 2016

AMNON Z. SIEGEL
DIRECT DIAL: (310) 552-7557
ASIEGEL@MILLERBARONDESS.COM

*VIA E-MAIL*

Marcellus McRae, Esq.
James L. Zelenay, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
E-Mail: mmcrae@gibsondunn.com
jzelenay@gibsondunn.com

Brian J. Hennigan, Esq.
Hueston Hennigan LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
E-Mail: bhennigan@hueston.com

Re:   *Herring Networks, Inc. v. AT&T Services, Inc., et al.*
      Case No. 16-cv-01636-CAS-AGR

Dear Messrs. Hennigan and McRae:

As you know, I represent Plaintiff Herring Networks, Inc. ("Herring") in the above-entitled action. Herring has been seeking third party Aaron Slator's deposition for several months. We have been patient in accommodating Mr. Slator's schedule and previously rescheduled his deposition from October 19 to November 17. Despite this, on Tuesday, November 15 at approximately 6:00 p.m., we received notice that Mr. Slator retained "new" counsel, Mr. Hennigan, who we understand has been representing Mr. Slator for several months and is being paid for by AT&T. Mr. Hennigan advised me Mr. Slator would not be appearing for his deposition on November 17 and instead would be seeking a protective order from the Court on the morning of his deposition.

Herring's efforts to obtain Mr. Slator's deposition began in mid-September 2016. On September 14, 2016, I emailed Mr. Slator's counsel, Kerry Garvis Wright at Glaser Weil, asking her whether she will accept service of a subpoena for Mr. Slator in this case. Despite multiple requests, I received no response from Ms. Wright. (Ex. 1.) So, on September 28, 2016, Herring served Mr. Slator personally with a deposition subpoena, which scheduled his deposition for October 19, 2016. (Ex. 2.)

Within days, Ms. Wright advised me that Mr. Slator could not appear for deposition on October 19. We agreed to reschedule the deposition to a mutually convenient date. Upon my request, Mr. Slator's counsel provided new dates for his deposition. I then conferred with AT&T's counsel to ensure their availability on those dates, which they did. Herring, AT&T and

# MILLER BARONDESS, LLP

Brian J. Hennigan & Marcellus McRae
November 16, 2016
Page 2


Mr. Slator agreed that Mr. Slator's deposition would proceed on November 17, 2016. On October 5, 2016, Herring served an amended deposition subpoena on Mr. Slator (and AT&T) reflecting the agreed-upon date. (Ex. 3.)[1]

On November 15, at approximately 6:00 p.m., Mr. Hennigan advised Herring that he had just been retained by Mr. Slator and that Mr. Slator would not be appearing for deposition on November 17. (Ex. 5.) We know that Mr. Hennigan has been representing Mr. Slator for many months. We are also aware that Mr. Hennigan is being paid for by AT&T. AT&T waited until the eleventh hour to agree upon counsel to its former officer, Mr. Slator, and is now using its own delay to postpone Mr. Slator's deposition. Frankly, I smell a rat.

AT&T's conduct is part and parcel of its efforts to stall this case since its inception. In its portion of the Joint Rule 26 report, AT&T requested that the Court not even schedule a trial date until 2018. At the scheduling conference on Monday, the Court rejected AT&T's proposal and scheduled trial in September 2017.

AT&T has refused to produce documents from Mr. Slator's files prior to his deposition. Herring requested these documents in mid-August, and AT&T agreed to produce them. AT&T's documents are overdue. Indeed, AT&T has not produced a single document to date and has not told Herring when it will begin producing documents.

We expect Mr. Slator to appear for deposition on Thursday, November 17 in our office, pursuant to subpoena. We reserve all rights, including seeking an order of contempt for failure to obey the subpoena.

Sincerely,

Amnon Z. Siegel

Enclosures

AZS:JKB

cc:   Skip Miller (without enclosures)

---

[1] Ms. Wright agreed to accept service of the subpoena on behalf of Mr. Slator via email. (Ex. 4.)

# EXHIBIT 1

**Amnon Siegel**

| | |
|---|---|
| **From:** | Amnon Siegel |
| **Sent:** | Friday, September 23, 2016 9:37 AM |
| **To:** | Kerry Garvis Wright |
| **Subject:** | RE: Aaron Slator |

Kerry:

We cannot wait any longer to serve a deposition subpoena on Mr. Slator in the Herring Networks case. I need an answer by close of business today as to whether you will accept service for him. My preference would still be to meet with Aaron informally, notwithstanding the deposition subpoena. If I don't hear from you today, we will proceed accordingly. Feel free to call if you wish to discuss.

Thanks,

**Amnon Z. Siegel**
M I L L E R | B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7557
Main: 310-552-4400
Fax: 310-552-8400
asiegel@millerbarondess.com
www.millerbarondess.com

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, September 14, 2016 8:41 PM
**To:** Amnon Siegel
**Subject:** Re: Aaron Slator

Aaron is traveling so I may not have an answer right away. In the meantime, please send me a copy of the complaint. Kerry

On Sep 14, 2016, at 8:15 PM, Amnon Siegel <asiegel@Millerbarondess.com> wrote:

Kerry:

I need to know whether you will accept service of a subpoena for Mr. Slator in Herring v. AT&T, which is pending in federal court. Please feel free to call me tomorrow to discuss.

**Amnon Z. Siegel**
M I L L E R | B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7557
Main: 310-552-4400
Fax: 310-552-8400

1

asiegel@millerbarondess.com
www.millerbarondess.com

# EXHIBIT 2

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| AMMON SIEGEL<br>MILLER BARONDESS, LLP<br>1999 AVENUE OF THE STARS<br>SUITE 1000<br>LOS ANGELES, CA 90067<br>*Telephone No:* 310-552-4400     *FAX No:* 310-552-8000 | | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court, Central District Of California | | | |
| *Plaintiff:* HERRING NETWORKS, INC., ETC. | | | |
| *Defendant:* AT&T SERVICES, INC., ETC., ET AL. | | | |

| PROOF OF SERVICE<br>SUBPOENA | *Hearing Date:*<br>Wed, Oct. 19, 2016 | *Time:*<br>10:00AM | *Dept/Div:* | *Case Number:*<br>2:16-CV-01636-CAS-AGR |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION.

*3. a. Party served:*                    AARON SLATOR
   *b. Person served:*             party in item 3. a.

*4. Address where the party was served:*        1225 LACHMAN LANE
                                              PACIFIC PALISADES, CA 90272

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Sep. 28, 2016 (2) at: 6:07PM
   b. I received this subpoena for service on:        Wednesday, September 28, 2016

*6. Witness fees were offered or demanded, and paid:*      $56.00

*7. Person Who Served Papers:*                                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JOSEPH PERDOMO                        d.  *The Fee for Service was:*

                                        e.  I am: (3) registered California process server

**First Legal**

1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone   (213) 250-9111
Fax          (213) 250-1197
www.firstlegalnetwork.com

                                          *(i)*  Owner
                                          *(ii)*  *Registration No.:*       2016023261
                                          *(iii)*  *County:*             Los Angeles

*8. **I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.***
   Date: Mon, Oct. 03, 2016

Judicial Council Form                              PROOF OF SERVICE                      (JOSEPH PERDOMO)
Rule 2.150.(a)&(b) Rev January 1, 2007                SUBPOENA                                        3146067  .milba.843293

1   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
2   AMNON Z. SIEGEL (State Bar No. 234981)
    asiegel@millerbarondess.com
3   CASEY B. PEARLMAN (State Bar No. 291214)
    cpearlman@millerbarondess.com
4   MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
5   Los Angeles, California 90067
    Telephone:   (310) 552-4400
6   Facsimile:   (310) 552-8400

7   Attorneys for Plaintiff
    HERRING NETWORKS, INC.

8

9                 UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  HERRING NETWORKS, INC., a          CASE NO. 2:16-cv-01636-CAS-AGR
    California corporation,
13                                     NOTICE OF SUBPOENA TO AND
                Plaintiff,             DEPOSITION OF THIRD PARTY
14                                     AARON SLATOR
        v.
15                                     Deposition
                                       Date:    October 19, 2016
16  AT&T SERVICES, INC., a Delaware    Time:    10:00 a.m.
    corporation; and AT&T, INC., a     Place:   Miller Barondess, LLP
17  Delaware corporation,                       1999 Avenue of the Stars
                                                Suite 1000
18              Defendants.                      Los Angeles, CA 90067

19

20                                     Action Filed: March 9. 2016

21

22

23                                        .

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE THAT** pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Herring Networks, Inc. ("Plaintiff"), by and through its undersigned attorneys, will serve a subpoena requesting Aaron Slator to attend and testify at a deposition to be taken in this civil action on October 19, 2016, at 10:00 a.m. at the office of: Miller Barondess, 1999 Avenue of the Stars, Suite 1000, in Los Angeles, CA 90067.  The deposition will be taken before a duly certified shorthand reporter and will continue thereafter day-to-day, Saturdays, Sundays, and statutory holidays excepted, until completed.

     The deposition will be recorded stenographically and videographically and may be recorded through the instant visual display of testimony using "Live Note" or a similar software.

     The subpoena is attached hereto as **Exhibit A**.

DATED:  September 26, 2016       MILLER BARONDESS, LLP


By:    _____
         AMNON Z. SIEGEL
         Attorneys for Plaintiff
         HERRING NETWORKS, INC.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**<u>EXHIBIT A</u>**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| HERRING NETWORKS, INC., a California corp. | ) |
| *Plaintiff* | ) |
| v. | ) |
| AT&T Services, Inc., a Delaware corporporation, and | ) |
| AT&T, Inc., a Delaware corporation | ) |
| *Defendant* | ) |

Civil Action No.   2:16-cv-01636-CAS-AGR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Aaron Slator, 682 Muskingum Avenue, Pacific Palisades, CA 90272-4273

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Miller Barondess<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067 | Date and Time:<br>        10/19/2016 10:00 am |
|---|---|---|
| The deposition will be recorded by this method: | Stenographic and/or audio-visual recording | |

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/26/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Herring Networks, Inc. _____ , who issues or requests this subpoena, are:

Amnon Siegel, 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067; asiegel@millerbarondess.com; 310-552-7557

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:16-cv-01636-CAS-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, California 90067.

On September 26, 2016, I served true copies of the following document(s) described as: **NOTICE OF SUBPOENA TO AND DEPOSITION OF AARON SLATOR** on the interested parties in this action as follows:

Marcellus McRae                         Attorneys for Defendants AT&T
mmcrae@gibsondunn.com                   SERVICES, INC. and AT&T INC.
James L. Zelenay, Jr.
jzelenay@gibsondunn.com
GIBSON DUNN & CRUTCHER
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:  213-229-7000
Fax:  213-229-7520

James C. Ho (Admitted *pro hac vice*)
jho@gibsondunn.com
Ashley E. Johnson (Admitted *pro hac vice*)
ajohnson@gibsondunn.com
GIBSON DUNN & CRUTCHER
2100 McKinney Avenue
Dallas, TX 75201
Tel: 214-698-3100

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mramierz@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 26, 2016, at Los Angeles, California.

_____
Marie Ramirez

311138.5

PROOF OF SERVICE

# EXHIBIT 3

1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  AMNON Z. SIEGEL (State Bar No. 234981)
   asiegel@millerbarondess.com
3  CASEY B. PEARLMAN (State Bar No. 291214)
   cpearlman@millerbarondess.com
4  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 552-4400
6  Facsimile:  (310) 552-8400

7  Attorneys for Plaintiff
   HERRING NETWORKS, INC.

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  HERRING NETWORKS, INC., a          CASE NO. 2:16-cv-01636-CAS-AGR
    California corporation,
13                                     AMENDED NOTICE OF
                  Plaintiff,           SUBPOENA TO AND DEPOSITION
14                                     OF THIRD PARTY AARON
           v.                          SLATOR
15
                                       Date:     November 17. 2016
16  AT&T SERVICES, INC., a Delaware    Time:     10:00 a.m.
    corporation; and AT&T, INC., a     Place:    Miller Barondess. LLP
17  Delaware corporation,                        1999 Avenue of the Stars
                                                 Suite 1000
18               Defendants.                      Los Angeles. CA 90067

19                                     Action Filed: March 9. 2016

20

21

22

23

24

25

26

27

28

*Miller Barondess, LLP*
*Attorneys at Law*
*1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067*
*Tel: (310) 552-4400   Fax: (310) 552-8400*

314894.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Herring Networks, Inc. ("Plaintiff"), by and through its undersigned attorneys, will serve a subpoena requesting Aaron Slator to attend and testify at a deposition to be taken in this civil action on November 17, 2016, at 10:00 a.m. at the office of: Miller Barondess, 1999 Avenue of the Stars, Suite 1000, in Los Angeles, CA 90067. The deposition will be taken before a duly certified shorthand reporter and will continue thereafter day-to-day, Saturdays, Sundays, and statutory holidays excepted, until completed.

The deposition will be recorded stenographically and videographically and may be recorded through the instant visual display of testimony using "Live Note" or a similar software.

The subpoena is attached hereto as **Exhibit A**.

DATED:  October 5, 2016          MILLER BARONDESS, LLP

By:  _____
AMNON Z. SIEGEL
Attorneys for Plaintiff
HERRING NETWORKS, INC.

FIRST AMENDED NOTICE OF SUBPOENA TO AND DEPOSITION OF THIRD PARTY AARON SLATOR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| HERRING NETWORKS, INC., a California corp. | ) |
| *Plaintiff* | ) |
| v. | ) |
| AT&T Services, Inc., a Delaware corporporation, and AT&T, Inc., a Delaware corporation | ) |
| *Defendant* | ) |

Civil Action No.   2:16-cv-01636-CAS-AGR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Aaron Slator, 682 Muskingum Avenue, Pacific Palisades, CA 90272-4273

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Miller Barondess 1999 Avenue of the Stars, Suite 1000 Los Angeles, CA 90067 | Date and Time: 11/17/2016 10:00 am |
|---|---|---|

The deposition will be recorded by this method:   Stenographic and/or audio-visual recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/ 5 /2016

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Herring Networks, Inc. , who issues or requests this subpoena, are:

Amnon Siegel, 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067; asiegel@millerbarondess.com; 310-552-7557

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:16-cv-01636-CAS-AGR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**CERTIFICATE OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On October 5, 2016, I served true copies of the following document(s) described as:

**AMENDED NOTICE OF SUBPOENA TO AND DEPOSITION OF THIRD PARTY AARON SLATOR**

on the interested parties in this action as follows:

***\*\*\*PURSUANT TO ELECTRONIC SERVICE AGREEMENT\*\*\****

| | |
|---|---|
| Marcellus McRae, Esq. | *Attorneys for Defendants* |
| mmcrae@gibsondunn.com | *AT&T SERVICES, INC. and AT&T INC.* |
| James L. Zelenay, Jr., Esq. | |
| jzelenay@gibsondunn.com | |
| GIBSON DUNN & CRUTCHER | |
| 333 South Grand Avenue | |
| Los Angeles, CA 90071-3197 | |
| Tel: 213-229-7000; Fax: 213-229-7520 | |
| | |
| James C. Ho, Esq. (*pro hac vice* admitted) | Kerry Garvis Wright, Esq. |
| jho@gibsondunn.com | kgarviswright@glaserweil.com |
| Ashley E. Johnson, Esq. (*pro hac vice* admitted) | Glaser Weil |
| ajohnson@gibsondunn.com | 10250 Constellation Blvd., 19th Floor |
| GIBSON DUNN & CRUTCHER | Los Angeles, CA 90067 |
| 2100 McKinney Avenue | Tel: 310-553-3000 |
| Dallas, TX 75201 | *Attorneys for Aaron Slater* |
| Tel: 214-698-3100 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aransom@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2016, at Los Angeles, California.

Marie Ramirez

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# EXHIBIT 4

**Amnon Siegel**

| | |
|---|---|
| **From:** | Kerry Garvis Wright <kgarviswright@glaserweil.com> |
| **Sent:** | Wednesday, October 05, 2016 5:10 PM |
| **To:** | Amnon Siegel |
| **Subject:** | RE: Aaron Slator Depo in Herring Networks |

Thank you.

**From:** Amnon Siegel [mailto:asiegel@Millerbarondess.com]
**Sent:** Wednesday, October 5, 2016 5:09 PM
**To:** Kerry Garvis Wright
**Subject:** RE: Aaron Slator Depo in Herring Networks

Confirmed.

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, October 05, 2016 5:05 PM
**To:** Amnon Siegel
**Subject:** RE: Aaron Slator Depo in Herring Networks

Yes.  Please confirm that you have withdrawn the earlier subpoena.  Kerry

**From:** Amnon Siegel [mailto:asiegel@Millerbarondess.com]
**Sent:** Wednesday, October 5, 2016 5:04 PM
**To:** Kerry Garvis Wright
**Subject:** RE: Aaron Slator Depo in Herring Networks

Thanks.  Do you agree to accept email service of the amended subpoena?

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Wednesday, October 05, 2016 9:35 AM
**To:** Amnon Siegel
**Subject:** RE: Aaron Slator Depo in Herring Networks

November 16, 17, or 18.  Kerry

**From:** Amnon Siegel [mailto:asiegel@Millerbarondess.com]
**Sent:** Tuesday, October 4, 2016 10:02 AM
**To:** Kerry Garvis Wright
**Subject:** RE: Aaron Slator Depo in Herring Networks

Kerry: Do you have available dates for Mr. Slator?

**From:** Kerry Garvis Wright [mailto:kgarviswright@glaserweil.com]
**Sent:** Friday, September 30, 2016 10:04 AM
**To:** Amnon Siegel
**Subject:** RE: Aaron Slator Depo in Herring Networks

Amnon,

I've asked Mr. Slator to provide alternative dates in November; since he is traveling in Europe, it may be a day or so until I have them. I will accept service of the amended deposition notice once we have determined an acceptable new date.

Kerry

# Glaser Weil

**Kerry Garvis Wright** | Partner
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7889 | Fax: 310.843.2689
E-Mail: kgarviswright@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Amnon Siegel [mailto:asiegel@Millerbarondess.com]
**Sent:** Friday, September 30, 2016 7:45 AM
**To:** Kerry Garvis Wright
**Subject:** Aaron Slator Depo in Herring Networks

Kerry:

Please provide several dates in November when Mr. Slator will be available for deposition, and please confirm that you will accept service of an amended subpoena reflecting the new date.   Thank you.

**Amnon Z. Siegel**
M I L L E R | B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7557
Main: 310-552-4400
Fax: 310-552-8400
asiegel@millerbarondess.com
www.millerbarondess.com

# EXHIBIT 5

**Amnon Siegel**

| | |
|---|---|
| **From:** | Brian Hennigan <bhennigan@hueston.com> |
| **Sent:** | Tuesday, November 15, 2016 6:03 PM |
| **To:** | Amnon Siegel |
| **Subject:** | FW: Herring Complaint - Deposition of Aaron Slator |

Sorry, this email was bounced back.  This email captures the substance of my earlier phone message to you.

Good talking to you-

Brian

Brian J. Hennigan
HUESTON HENNIGAN LLP
—
direct   213 788-4540 |  bhennigan@hueston.com | Bio
523 West 6th St, Suite 400 | Los Angeles, CA 90014

**From:** Brian Hennigan
**Sent:** Tuesday, November 15, 2016 5:55 PM
**To:** smiller@millerbarondess.com; asiegal@millerbarondess.com; jbolling@millerbarondess.com
**Cc:** Brian Hennigan <bhennigan@hueston.com>; Zachary Elsea <zelsea@hueston.com>
**Subject:** Herring Complaint - Deposition of Aaron Slator

I was retained by Aaron Slator this evening to represent him at a deposition which your firm noticed in the Herring case before Judge Snyder. That deposition is currently scheduled for this Thursday, November 17, 2016.

I am contacting you with the hope that we can agree on a new date to proceed with this deposition, preferably in 2-3 weeks time.

I look forward to hearing from you concerning this request tonight or tomorrow morning.  I do not mean to suggest that we will not be able to reach an agreement on a new date, but given the tightness of the schedule, this email should serve as  notice that we will seek a Protective Order on the scheduling of the deposition before Judge Snyder on Thursday morning at 9:00 am.

I look forward to working with you on this matter.

Best regards-

Brian

Brian J. Hennigan
HUESTON HENNIGAN LLP
—
direct   213 788-4540 |  bhennigan@hueston.com | Bio
523 West 6th St, Suite 400 | Los Angeles, CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.